IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY BLAIR, *et al.*,       )
                             )
            Plaintiff,       )
                             )
v.                           )   Case No. 09-2443-EFM-DWB
                             )
TRANSAM TRUCKING, INC.,      )
                             )
            Defendant.       )
_____)

**MEMORANDUM AND ORDER**

Before the Court is Defendant's Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 23). Plaintiffs have responded in opposition (Doc. 25) and Defendant has filed a reply (Doc. 26). The Court has reviewed the pleadings and is now prepared to rule.

**BACKGROUND**

Plaintiffs filed their initial class action Complaint on August 21, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"). (Doc. 1.) In that Complaint, Plaintiffs identified the putative class members for the FLSA and KWPA claims as "those current and former

1

Leased Drivers improperly misclassified as independent contractors who are issued compensation via ComData Cards provided by Defendant." (*Id*., at ¶ 24.) Defendant filed its initial Answer on October 14, 2009. (Doc. 10.) In regard to ¶ 24 of Plaintiff's Complaint, Defendant answered that the paragraph

> contains legal conclusions for which no answer is required. Answering further, TransAm denies that class relief is appropriate in this action, and further denies that the class described by Plaintiffs is an appropriate class to seek relief under the claims set forth herein. Finally, TransAm denies that it improperly misclassified its independent contractors. TransAm denies each and every further allegation set forth in paragraph 24 of Plaintiffs' Complaint not expressly admitted herein.

(*Id*., at 4-5.)

Plaintiffs were subsequently granted leave to file an Amended Complaint, which they did on January 28, 2010. (Doc. 22.) Therein, Plaintiffs defined the putative class members for the FLSA and KWPA claims as "those current and former Leased Drivers improperly misclassified as independent contractors who were issued compensation via ComData Cards provided by Defendant <u>or otherwise had Charges Deducted from their compensation</u>." (*Id*., at ¶ 24 (emphasis added).)

Although Defendant filed a response to the original Complaint, which contained a virtually identical ¶ 24 (*compare* Doc. 1 to Doc. 22), it has now moved

2

the Court for an order compelling Plaintiffs to amend their Amended Complaint to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). Defendant contends that it is "impossible . . . to adequately respond to Plaintiff's Complaint" without a more specific definition of the term "Leased Drivers." (Doc. 24, at 5.) Further, Defendant contends that "misunderstandings concerning the ambiguity of Leased Drivers would make discovery in this case unnecessarily difficult, time-consuming, and expensive for all parties." (*Id.*) Defendant also argues that considering the language in Plaintiff's Amended Complaint, it "is unable to determine what, if any, counterclaims and/or third-party claims should be filed pursuant to the Federal Rules of Civil Procedure." (*Id.*) Finally, Defendant contends that "the ambiguity of the term Leased Drivers also will prevent the parties from proceeding through the class certification process in this case." (*Id.*, at 6.)

Plaintiffs respond that Defendant's position is "specious," because it had "no difficulty in answering Plaintiff's Complaint the first time . . ." (Doc. 25, at 2.) Plaintiffs continue that "Defendant's real complaint is that it disagrees with the breadth of Plaintiffs' class definition, and its motion, while allegedly one for more definite statement, is in reality its first statement of its arguments opposing class certification." (Doc. 25, at 3.) Plaintiffs argue this is "inappropriate," as the

3

definition of the class should be "either narrowed or expanded in the process of discovery." (*Id.*)

Defendant responds that the term "Leased Driver" is "not a term of art used by TransAm, nor is the term defined in any manner by Plaintiffs." (Doc. 26, at 2.) It contends that while it answered the original Complaint, "with the filing of the Amended Complaint, Plaintiffs significantly changed the basis of this lawsuit" by alleging a violation of the minimum wage provision of the FLSA, which Defendant argues "is a far more complicated issue than presented by Count I in the Plaintiffs' original Complaint." (*Id.*) Finally, Defendant contends that it is not requesting Plaintiffs "limit or narrow" the definition of the class, but rather it is asking for them to "provide minimal specificity as to the potential collective and class action members." (*Id.*, at 3.)

## **DISCUSSION**

Fed.R.Civ.P. 12(e) provides, in pertinent part, that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Motions under this rule are generally disfavored and "are properly granted only when a party is unable to determine the issues" to which he must respond.

4

*Resolution Trust Corp. v. Thomas*, 837 F.Supp. 354, 356 (D.Kan. 1993). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D.Kan. March 5, 2004). The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. *Graham v. Prudential Home Mortgage Co., Inc*., 186 F.R.D. 651, 653 (D.Kan. 1999). Motions for a more definite statement should not be used as methods of pretrial discovery. *Hix Corp. v. National Screen Printing Equip., Inc*., No. 00-2211-KHV, 2000 WL 1026351, at *1 (D.Kan. July 6, 2000) (denying motion for more definite statement while finding that "the appropriate method to determine more specific information about the allegations is through the discovery process").

Rule 12(e) must be read in conjunction with Rule 8, which establishes the general rules or guidelines for pleadings. 5A Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §1377 at 618 (1990). "The purpose of 'fact pleading,' as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact

5

developed in detail before the complaint is filed and the parties have opportunity for discovery." *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir.1991) (citing 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, §§ 1215, 1219, at 136-47, 188-94). Rule 8(a) sets forth three simple requirements for pleading a complaint: (1) a statement of the grounds upon which jurisdiction of the court depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed.R.Civ.P. 8(a). A complaint meeting these requirements gives the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests, which in turn allows the opposing party to frame its response to the complaint, counterclaim, or cross claim." *Capital Solutions, LLC v. Konica Minolta Bus. Solutions*, No. 08-2027-JWL-DJW, 2009 WL 3711574, at *4 (D.Kan. Nov. 3, 2009).

After reviewing Plaintiffs' Amended Complaint, the Court finds that it meets the fair notice requirement of Rule 8(a). The Complaint, as judged by the standards set forth in Rule 12(e), is sufficient to require – and enable – Defendant to respond. The particular information which Defendant seeks at this time does not appear to be necessary or a requisite for the framing of its Answer, particularly in light of Defendant's response to Plaintiff's initial Complaint, which contained virtually the same language that Defendant ostensibly now finds vague and

6

ambiguous. Further, if the statement contained in ¶ 24 of Plaintiff's initial Complaint (Doc. 1) constituted "legal conclusions for which no answer is required" (*see* Doc. 10, at 4-5), the same is true for the corollary language contained in ¶ 24 of Plaintiff's Amended Complaint (Doc. 22). This is true regardless of whether or not Plaintiffs' Amended Count I is "far more complicated" or "significantly change[s] the basis of this lawsuit." (*See* Doc. 26, at 2.) Defendant can discover the more specific parameters of Plaintiffs' stated putative class by the discovery methods contained in Fed.R.Civ.P. 26 thru 37.

**IT IS THEREFORE ORDERED** that Defendant's Motion for More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 23) is **DENIED**. Defendant is directed to file its Answer to Plaintiffs' Amended Complaint on or before **June 21, 2010**. *See* Fed. R. Civ. P. 12(a)(4)(A) (after denial of a motion, the responsive pleading must be filed within 14 days).

Dated at Wichita, Kansas, on this 7th day of June, 2010.

                                           s/ DONALD W. BOSTWICK
                                           DONALD W. BOSTWICK
                                           United States Magistrate Judge