# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY BLAIR, *et al.*,       )
                          )
        Plaintiff,       )
                          )
v.                        )     Case No. 09-2443-EFM-DWB
                          )
TRANSAM TRUCKING, INC.,     )
                          )
        Defendant.     )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint. (Doc. 83.) Specifically, Plaintiffs seek to eliminate claims for unpaid overtime under the Kansas Minimum Wage and Maximum Hours Law, K.S.A. § 44-312, *et seq*. ("KMWMHL"), and to factually clarify their remaining claims. For the reasons set forth below, Plaintiffs' motion is **GRANTED**.

## BACKGROUND

Plaintiffs filed their initial class action Complaint on August 21, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"). (Doc. 1.) Defendant filed its initial Answer on October 14,

2009.  (Doc. 10.)  Plaintiffs were subsequently granted leave to file an Amended Complaint, which they did on January 28, 2010.  (Doc. 22.)  Thereafter, Defendant filed a Motion for a More Definite Statement (Doc. 23), which was denied by Magistrate Judge Donald Bostwick on June 7, 2010 (Doc. 29).

The case was subsequently stayed pending a decision by the Kansas Supreme Court in the matter of ***Brown v. Ford Storage and Moving Co. Inc***., No. 09-101915-A.  (*See* October 12, 2010, text entry.)  The undersigned Magistrate Judge entered a Scheduling Order on October 22, 2012.  (Doc. 45.)  Thereafter, the case proceeded through discovery until the parties filed Motions for Summary Judgment (Docs. 63, 64, 65, 66) in April, 2013, regarding the "threshold issue as to whether Defendant had misclassified Plaintiffs as 'independent contractors'. . . ."  (*See* Doc. 84, at 2.)  These motions were denied by the District Court on November 13, 2013.  (Doc. 77.)

Thereafter, another Scheduling Order was entered on January 8, 2014, containing a deadline of February 28, 2014, to file any motions for leave to amend the pleadings.  (Doc. 81.)  Plaintiffs' motion is, therefore, timely filed.

## **DISCUSSION**

Federal Rule 15(a) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave."  In

the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc***., 3 F.3d 1357, 1365 (10th Cir. 1993).

A court is justified in denying a motion to amend as futile if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Nkemakolam v. St. John's Military School***, 890 F.Supp.2d 1260, 1261-62 (D. Kan. 2012); ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th Cir. 1992); *see also* 6 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE § 1487 at 642 (1990). In light of United States Supreme Court precedent, the Tenth Circuit has restated the standard for ruling on motions to dismiss under Fed.R.Civ.P. 12(b)(6), and now looks at what is described as a "plausibility" standard. ***Nkemakolam***, 890 F.Supp.2d at 1262. As this Court explained the plausibility standard in ***Nkemakolam***,

> the Supreme Court has recently 'clarified' this standard, stating that 'to withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.' [***Robbins v. Oklahoma***, 519 F.3d 1242], at 1247 (*quoting*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127
S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Specifically,
'[f]actual allegations must be enough to raise a right to
relief above the speculative level,' *Twombly*, 550 U.S. at
555, 127 S.Ct. 1955, so that '[t]he allegations must be
enough that, if assumed to be true, the plaintiff plausibly
(not just speculatively) has a claim for relief.' *Robbins*,
519 F.3d at 1247. Under this standard, 'a plaintiff must
nudge his claims across the line from conceivable to
plausible in order to survive a motion to dismiss.' *Smith*
[ *v. U.S.*], 561 F.3d [1090] at 1098 [(10th Cir.2009) ].
Therefore, a plaintiff must 'frame a 'complaint with
enough factual matter (taken as true) to suggest' that he
or she is entitled to relief.' *Robbins*, 519 F.3d at 1247
(*quoting Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

*Id.*

Defendant argues that Plaintiff's motion is futile because, "[t]o the extent

Plaintiffs seek to add allegations for failure to pay Plaintiffs and/or the putative

class members minimum wage under KWPA, any such claims are preempted by

Plaintiffs' FLSA claim." (Doc. 85, at 4.) Plaintiff responds that "[t]he FLSA does

not *expressly* preempt the Plaintiffs' proposed KWPA claims," but rather "the

FLSA includes a reverse preemption 'Savings Clause.'" (Doc. 86, at 3.) The Court

acknowledges that the Savings Clause indicates that Congress "did not foreclose

states from providing alternative remedies" to the FLSA. *Bouaphakeo v. Tyson

Foods, Inc*., 564 F.Supp.2d 870, 884 (N.D. Iowa 2008).

The Court finds that Defendant has not established the futility of Plaintiff's

motion.  As such, Plaintiff's Motion to Amend is **GRANTED**.  In reaching this conclusion, the undersigned Magistrate Judge is not, however, providing a ruling on whether any such claim would be subject to a Motion to Dismiss, should such a motion be filed by Defendant.  Further, the undersigned Magistrate Judge is not ruling as to whether Defendant should be allowed to file such a motion or, as Plaintiff argues, this would constitute a second "bite at the apple" at such dismissal arguments.  Such issues, if raised, will need to be decided by the District Judge.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint is hereby **GRANTED**.  The amended pleading shall be filed, in the form attached to Plaintiff's motion, no later than **April 14, 2014**.

Dated at Wichita, Kansas, on this 31st day of March, 2014.

 s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge