# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY BLAIR and
CHARLIE DAVIS,
On behalf of themselves and
all other persons similarly situated,

    *Plaintiffs,*

vs.

TRANSAM TRUCKING, INC.,

    *Defendant.*

Case No. 09-2443-EFM-KGG

## MEMORANDUM AND ORDER

Plaintiffs Larry Blair and Charlie Davis, on behalf of themselves and other similarly situated truck drivers, assert claims against Defendant Transam Trucking for failure to pay minimum wages under the Fair Labor Standards Act and the Kansas Wage Payment Act. Plaintiffs seek conditional certification of collective claims under the FLSA and class certification for their KWPA claims. This matter comes before the Court on Transam Trucking's Motion to Reopen Discovery and Extend Time to Respond to Plaintiffs' Motions for Class Certification (Doc. 106). Because the Court finds that good cause exists to modify the scheduling order, the Court grants Transam Trucking's motion for the limited purpose of allowing discovery of four new plaintiffs who consented to be party plaintiffs near or after the discovery deadline and provided declarations in support of Plaintiffs' motions for class certification.

## I. Factual and Procedural Background

In 2009, Plaintiffs Larry Blair and Charlie Davis filed suit on behalf of themselves and all other persons similarly situated against Defendant Transam Trucking, Inc., a trucking company with its principal place of business in Kansas. Plaintiffs bring this action as a collective action for violations of the Fair Labor Standards Act and as a class action for violations of the Kansas Wage Payment Act. Plaintiffs, truck drivers, allege Transam Trucking failed to pay them minimum wages. Plaintiffs argue that they have been misclassified as independent contractors.

After a lengthy stay and unsuccessful summary judgment motions, a scheduling order was issued that set a deadline of June 16, 2014, for all discovery relating to class certification. Transam Trucking deposed Blair and Davis and received responses to written discovery from them in May 2014. Three days before the discovery deadline, Plaintiffs filed notice that Reginald Harris and Rob Hanneken had consented to join Blair and Davis as party plaintiffs. Five other drivers—James Sturgeon, Patrick Kelly, Ronald Aguillard, Chad Frobos, and Scott Ross—consented to be party plaintiffs after the discovery deadline with Frobos and Ross added on July 14, 2014.

The next day, Plaintiffs filed separate motions for class certifications under § 216(b) of the Fair Labor Standards Act and under Federal Rule of Civil Procedure 23 for claims under the Kansas Wage Payment Act. Attached to separate memorandums in support of the motions are declarations from Blair and Davis, deposition excerpts from Blair and Davis, and declarations from Frobos, Hanneken, Ross, and Sturgeon.[1] Two weeks later, Transam Trucking filed a motion

---

[1] Plaintiffs' memorandum of support for the FLSA claims cites a Declaration of Ronald Aguillard, but no such declaration was attached as an exhibit. Doc. 103, p. 11.

to reopen discovery and extend the time to respond to Plaintiffs' motions for class certification, which is now before the Court.

## II. Legal Standard

A scheduling order may be modified only for good cause and with the Court's consent.[2] The decision of whether to reopen discovery is within the sound discretion of the district court.[3]

## III. Analysis

Transam Trucking has asked the Court to reopen discovery for the limited purpose of allowing discovery of new plaintiffs who agreed to become plaintiffs near or after the discovery deadline. Specifically, Transam Trucking notes that Plaintiffs submitted declarations from four of the seven new plaintiffs in their motions for class certification. In addition, Transam Trucking has moved for an extension of time to respond to Plaintiffs' motions for class certification. Plaintiffs oppose the motion, arguing that Transam Trucking has not been prejudiced by the addition of the new plaintiffs and that the declarations have minimal relevance to the issue of class certification.

The Court recognizes that the Tenth Circuit has identified the following six factors as relevant for determining whether a party's request to reopen discovery should be granted:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.[4]

---

[2] Fed. R. Civ. P. 16(b)(4).

[3] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[4] *Garcia v. Palomino, Inc.*, 2010 WL 5149280, *1 (D. Kan. Dec. 13, 2010) (citing *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990).

After considering these factors, the Court finds that discovery should be reopened. Plaintiffs oppose the motion, but otherwise the other factors weigh in favor of Transam Trucking's request to reopen discovery. First, trial is not imminent as no trial date has been set. Second, as noted, Plaintiffs oppose the request. Third, Plaintiffs would not be prejudiced by reopening discovery. Plaintiffs spend much of their response outlining why Transam Trucking is not prejudiced by the addition of new plaintiffs' declarations, but the relevant standard only asks whether the non-moving party would be prejudiced. Plaintiffs do not address how they would be prejudiced other than characterizing the motion as an attempt to further delay the case. The Court is mindful of the potential for delay but notes that Transam Trucking requests a limited timeframe to conduct discovery and respond to the motions for class certification.

Fourth, Transam Trucking has been diligent in obtaining discovery within the guidelines established by the court. Transam Trucking initiated service of discovery requests to Blair and Davis in time to receive responses well in advance of the June 16, 2014 discovery deadline. And Transam Trucking timely filed the motion to reopen discovery two weeks after four of the new plaintiffs' declarations were submitted in support of Plaintiffs' motions for class certification. Further, Transam Trucking has represented to the Court that it sought consensual discovery from the first two new plaintiffs as soon as two days after the discovery deadline.

Fifth, Transam Trucking's need for additional discovery was not foreseeable because five of the seven new plaintiffs agreed to join this lawsuit after the discovery deadline and the other two agreed to join three days before the discovery deadline. Finally, Transam Trucking has sufficiently alleged the likelihood that its discovery requests will lead to evidence relevant to its argument that class certification is improper. Specifically, Transam Trucking should have the

same opportunity to serve discovery requests on the new plaintiffs as it had on the two original named plaintiffs to inquire about the varying degrees of control and supervision alleged by each driver. Such information may be relevant to its response to Plaintiffs' motions.

Therefore, the Court finds good cause to modify the scheduling order to reopen discovery for the limited purpose of allowing discovery of four new plaintiffs—Chad Frobos, Rob Hanneken, Scott Ross, and James Sturgeon—who provided signed declarations in support of Plaintiffs' motions for class certification. The Court permits Transam Trucking the opportunity to serve document requests and interrogatories on Frobos, Hanneken, Ross, and Sturgeon no later than November 14, 2014. Responses will be due within 30 days of service. The Court also permits Transam Trucking to conduct depositions of Frobos, Hannekan, Ross, and Sturgeon at dates and times to be agreed on by counsel but no later than 30 days after their service of responses to the document requests and interrogatories. The Court extends Transam Trucking's response deadline to a date 21 days after the last of the depositions occurs. Plaintiffs will have 14 days to reply. Finally, the Court tolls the statute of limitations pending the ruling on Plaintiffs' motions for class certification.

**IT IS THEREFORE ORDERED** that Transam Trucking's Motion to Reopen Discovery and Extend Time to Respond to Plaintiffs' Motions for Class Certification (Doc. 106) is hereby **GRANTED**.

**IT IS SO ORDERED**.

Dated this 15th day of October, 2014.

*Eric F Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE