# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY BLAIR and )
CHARLIE DAVIS, )
On Behalf Of Themselves And )
All Other Persons Similarly Situated, )
)
                             Plaintiffs, )
v. )   Case No: 09-2443-EFM
)
TRANSAM TRUCKING, INC. )
)
                             Defendant. )
_____)

## **MEMORANDUM AND ORDER**

Upon review of Plaintiffs' proposed Rule 23 opt-out class notice, Defendant filed five objections and proposed revisions. Plaintiffs replied, agreeing to four of the proposed revisions, leaving only one dispute for the Court. The Court expresses its appreciation to the parties for their spirit of reasonable cooperation.

The unresolved matter relates to the section of the proposed notice addressing those who wish to be excluded from the lawsuit; those who wish to opt-out. No dispute remains regarding the substantive language of that provision, but Defendant objects that no self-addressed stamped envelope is provided for class members to mail in their opt-out request, should any of them chose to opt-out. Defendant notes that such an envelope was provided with the opt-in notice previously sent by Plaintiffs for their FLSA claim, and objects that equal treatment should be given to both notices "to ensure balance and fairness."

Plaintiffs object that the inclusion of a self-addressed stamped envelope for any opt-out class member would be burdensome and unnecessary. They note that unlike a collective action under the FLSA, a certified Rule 23 class automatically includes each individual in the class, providing them protection that does not exist in an FLSA collective action. Moreover, Plaintiffs

note that they are unaware of any other Rule 23 class action which has required self-addressed stamped envelopes be provided to all class members for the convenience of those who chose to opt-out.

The Court does not find Plaintiffs' position to be unbalanced or unfair, and overrules Defendant's objection to the non-inclusion of a self-addressed stamped envelope. Defendant's other objections having been agreed to, the Court orders that the proposed Notice be modified accordingly, and mailed.

Pursuant to Plaintiffs' request in Doc. 193, they will be given two weeks to prepare and process the Notice for mailing to the approximately 8,500 Rule 23 class members. Therefore, the Supplemental Scheduling Order previously entered in this case (Doc. 150) is modified to require that service on potential opt-out plaintiffs be completed by March 10, 2016 (instead of February 15, 2016); and that the opt-out period will close on June 24, 2016. All other dates in that Order remain unchanged.

The Court also notes that it has failed to administratively resolve Plaintiffs' Motion for Leave to Send Postcards (Doc. 177). The Court held a telephone hearing on this motion on December 23, 2015, but neither the fact of the hearing nor the Court's ruling then have been docketed. Following notice being provided to the class members of the collective action, Plaintiffs sought to mail follow up postcards to those who had not responded. Defendant replied that the response rate was not outside of normal expectations, and that postcard mailings should only be allowed to those class members whose initial notice was returned as undeliverable. The Court agreed.

IT IS THEREFORE ORDERED that Plaintiffs' Opt-out Class Notice is approved consistent with this Order, and the Supplemental Scheduling Order is revised consistent with this Order.

IT IS FURTHER ORDERED that Plaintiffs' Motion of Leave to Send Postcard (Doc. 177) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED.

Dated this 24th day of February, 2016.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE