## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY BLAIR and CHARLIE DAVIS, )
On Behalf Of Themselves And All Other )
Persons Similarly Situated, )
  )
    Plaintiffs, )
  )   Case No.: 09-2443-EFM-KGG
TRANSAM TRUCKING, INC., )
  )
    Defendant. )
_____ )

### ORDER ON MOTION FOR PROTECTIVE ORDER

 Now before the Court is Plaintiffs' Motion for Protective Order (Doc. 195) regarding Defendant's proposed Questionnaire to Class Members (Doc. 195-1). Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

### FACTS

 Plaintiffs filed their initial class action Complaint on August 21, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL").  (Doc. 1.)  Defendant filed its initial Answer on October 14, 2009.  (Doc. 10.)  Plaintiffs were subsequently granted leave to file an Amended Complaint, which they did on January 28, 2010.  (Doc. 22.) Thereafter, Defendant

filed a Motion for a More Definite Statement (Doc. 23), which was denied by

Magistrate Judge Donald Bostwick on June 7, 2010 (Doc. 29).

The case was subsequently stayed pending a decision by the Kansas

Supreme Court in the matter of **Brown v. Ford Storage and Moving Co. Inc.**, No.

09–101915–A.  (*See* October 12, 2010, text entry.)  The undersigned Magistrate

Judge entered a Scheduling Order on October 22, 2012.  (Doc. 45.)  Thereafter, the

case proceeded through discovery until the parties filed Motions for Summary

Judgment (Docs .63, 64, 65, 66) in April, 2013, regarding the "threshold issue as to

whether Defendant had misclassified Plaintiffs as 'independent contractors' . . . ."

(*See* Doc. 84, at 2.)  These motions were denied by the District Court on November

13, 2013.  (Doc. 77.)

Thereafter, another Scheduling Order was entered on January 8, 2014.  (Doc.

81.)  Plaintiffs were granted leave to file their Second Amended Complaint

(*see* Doc. 87, 88) and subsequently were allowed to certify the class (Doc. 146).  A

supplemental Scheduling Order was entered on September 18, 2015, which

included the following:

> No party may serve more than 30 interrogatories or
> questionnaire questions, including all discrete subparts,
> on any other party, opt-in plaintiff. Written discovery
> will not be served on class members who are not
> collective-action opt-in plaintiffs. By January 8, 2016,
> defendant shall submit to plaintiffs' counsel any
> proposed written discovery or questionnaires to be
> propounded to opt-in plaintiffs. The parties shall meet

> and confer in an attempt to resolve any objections. If
> disagreements remain unresolved, plaintiffs shall file a
> motion for protective order by February 12, 2016.

(Doc. 150, at 5.)

The present motion stems from unresolved issues regarding Defendant's proposed Questionnaire to Class Members. (Doc. 195-1.) Plaintiffs argue that the Questionnaire contains more than the allowed 30 questions and/or subparts, contains one irrelevant question that would require the disclosure of potentially confidential information, and that Defendant's proposed time within which to respond is insufficient. (*See generally* Doc. 195.)

## **ANALYSIS**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought
> may move for a protective order in the court where the
> action is pending . . . .  The motion must include a
> certification that the movant has in good faith conferred
> or attempted to confer with other affected parties in an
> effort to resolve the dispute without court action.  The
> court may, for good cause, issue an order to protect a
> party or person from annoyance, embarrassment,
> oppression, or undue burden or expense, including one or
> more of the following:
>                    * * *
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the
> disclosure or discovery;
>                    * * *

> (D) forbidding inquiry into certain matters, or limiting
> the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).  The party seeking to the protective order must show "good cause" for its issuance.  *Id.*; ***Sloan v. Overton***, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010).

## A.    Discrete Subparts.

Plaintiffs contend that proposed Questions 3, 5, 7, 10, 11, and 12 "at a minimum, contain discrete subparts that drive the number of proposed questions well beyond the 30 agreed upon by the parties."  (Doc. 195, at 3.)  The Court has reviewed these Questions and finds that only one – Question No. 3 – contains a subpart that goes beyond the subject matter of the underlying inquiry (which requested certain information about the respondent's relationship with Defendant). The Court finds that subpart (d) of Question No. 3, inquiring why the respondent chose to "become an independent contractor driver," constitutes a separate subject matter and will be considered an individual Question.  (Doc. 195-1, at 3.)  This increases the number of Questions to 13, rather than the 12 enumerated (*see generally*, Doc. 3), a number which remains within the number of Questions allowed by the Court's Scheduling Order.  This portion of Plaintiffs' motion, while technically **GRANTED**, does not justify the relief requested by Plaintiffs.

## B.    Relevance.

Plaintiffs next argue that Question No. 7 is improper as it "requests that each opt-in plaintiff identify any lawsuit or claim made by the opt-in plaintiff or against the opt-in plaintiff 'related to your work as a professional driver." (Doc. 195, at 5; Doc. 195-1, at 5.) Plaintiffs contend this is improper because the information is irrelevant to any issue in the lawsuit in both subject matter and temporal scope, could implicate "confidential" information, and is "likely to cause confusion and intimidation in opt-in plaintiffs' minds . . . ." (Doc. 195, at 6.)

In determining the relevance of a discovery request, the Court applies Fed.R.Civ.P. 26(b)(1).[1] The rule provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiffs do not argue that the burden of the requested discovery is undue, only that the information requested is irrelevant and harassing.

---

[1] This amended rule, effective December 1, 2015, replaces former Rule 26(b)(2)(C).

Defendant argues that the civil litigation history of the opt-in Plaintiffs is relevant because it is limited to their work as professional truck drivers.  (Doc. 200, at 5.)  Defendant also notes that the temporal scope of the request cannot be limited to the time of Plaintiffs' employment with Defendant because there is another, overlapping class that was certified in another matter in this District prior to the present class, seeking "relief under a regulatory scheme . . . which applies only to the independent contractors of motor carriers."  (*Id*.)  Defendant argues that the time period cannot be limited "because such claims could have been made, and obviously were made, <u>after</u> they stopped providing driving services to [Defendant]."  (*Id*.)  The Court finds that Defendant has adequately established the relevance of the requested information.

The Court is equally unpersuaded by Plaintiffs' contention that the requested information is potentially "confidential" (such as terms of settlements) and could cause embarrassment to opt-in Plaintiffs.  This argument has been raised previously in this District.

> A general concern for protecting the confidentiality of a settlement agreement does not equate to privilege.  In other words, settlements are not protected from discovery simply because the settling parties agreed to maintain their confidentiality.  The question of whether the information sought is admissible differs from whether or not the information sought is confidential.  Other courts in this district have deemed settlement agreements discoverable.  The appropriate remedy to protect confidentiality in the instant action is not barring

discovery of items sought, but requesting a protective
order.

***Kear v. Kohl's Department Stores***, No. 12-1235-JAR-KGG, 2013 WL 5883676,

\*3 (Sept. 25, 2013) (internal citations omitted).  The Court sees no reason to treat

the present situation any differently than that posed in ***Kear***.  This portion of

Plaintiffs' motion is **DENIED**.

**C.     Time for Responding.**

Finally, Plaintiffs argue that Defendant's requested time frame of 45 days

for Plaintiffs' responses is insufficient, instead requesting 90 days.  Given the

nature of the information requested, the number of opt-in Plaintiffs involved, and

the nature of the work performed by the Plaintiffs (many of whom travel and are

away from home for extended periods of time), the Court finds Plaintiffs' 90 day

request to be reasonable.  This portion of Plaintiffs' motion is **GRANTED**.

Plaintiffs' motion (Doc. 195) is, therefore, **GRANTED in part** and

**DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2016, at Wichita, Kansas.

   s/ KENNETH G. GALE          
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE