# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY BLAIR, *et al.*,  )
              )
    Plaintiffs,  )
v.            )  Case No. 09-2443-EFM-KGG
              )
TRANSAM TRUCKING INC.,  )
              )
    Defendant.  )
_____  )

## MEMORANDUM & ORDER ON
## DEFENDANT'S MOTION FOR LEAVE TO AMEND

Now before the Court is Defendant's "Motion for Leave to Amend." (Doc. 206.) For the reasons set forth below, the undersigned Magistrate Judge **GRANTS** Defendant's motion.

## BACKGROUND

Plaintiffs filed their initial class action Complaint on August 21, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"). (Doc. 1.) Defendant filed its initial Answer on October 14, 2009. (Doc. 10.) Plaintiffs were subsequently granted leave to file an Amended Complaint, which they did on January 28, 2010. (Doc. 22.) Thereafter, Defendant filed a Motion for a More Definite Statement (Doc. 23), which was denied by Magistrate Judge Donald Bostwick on June 7, 2010 (Doc. 29).

The case was subsequently stayed pending a decision by the Kansas Supreme Court in the matter of ***Brown v. Ford Storage and Moving Co. Inc.***, No. 09–101915–A.  (*See* October 12, 2010, text entry.)  The undersigned Magistrate Judge entered a Scheduling Order on October 22, 2012.  (Doc. 45.)  The case proceeded through discovery until the parties filed Motions for Summary Judgment (Docs .63, 64, 65, 66) in April, 2013, regarding the "threshold issue as to whether Defendant had misclassified Plaintiffs as 'independent contractors' . . . ."  (*See* Doc. 84, at 2.)  These motions were denied by the District Court on November 13, 2013.  (Doc. 77.)

Another Scheduling Order was entered on January 8, 2014.  (Doc. 81.)  Plaintiffs were granted leave to file their Second Amended Complaint (*see* Doc. 87, 88) and the class was certified on August 20, 2015 (Doc. 146).  A supplemental Scheduling Order was entered on September 18, 2015, which included a deadline of March 15, 2016, for motions to amend the pleadings.  (Doc. 150.)   Defendant's motion was timely filed.  Various discovery has occurred since the Court's most recent Scheduling Order, which, according to Defendant, has allowed it to "refine its position in this matter, including its affirmative defenses as to why Plaintiff's claims of misclassification and requests for relief should be barred."  (Doc. 207, at 2.)

In the present motion, Defendant seeks leave to amend its Answer "to clarify its affirmative defenses that are related to those already asserted but that may fall under a different legal theory." (*Id*.) Defendant contends this "will allow it to preserve its defenses while putting Plaintiffs on notice of the same." Plaintiffs argue that Defendant's "newly proposed 'affirmative defenses' assert unfounded legal positions that are futile as responses to Plaintiff's lawsuit." (Doc. 209, at 1.)

## DISCUSSION

The Court reviews Defendant's proposed amendment under Fed.R.Civ.P. 15(a), which provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should be freely given, as required by the federal rule. ***Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); ***Frank v. U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).

> A district court is justified in denying a motion to amend as futile . . . if the proposed amendment could not withstand a motion to dismiss or otherwise fails to state a claim. ***Ketchum v. Cruz***, 961 F.2d 916, 920 (10th

> Cir.1992).  A court may not grant dismissal 'unless it appears beyond doubt that the [requesting party] can prove no set of facts in support of his claim which would entitle him to relief.'  ***Sutton v. Utah State Sch. for Deaf & Blind***, 173 F.3d 1226, 1236 (10th Cir.1999) (quoting ***Conley v. Gibson***, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

***Beckett v. United States***, 217 F.R.D. 541, 543 (D. Kan. 2003).  The Tenth Circuit has recognized that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"  *Id.* (*quoting* ***Carefusion 213, LLC v. Professional Disposables, Inc.***, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D.Kan. Oct. 12, 2010)).

Plaintiff argues that Defendant's proposed affirmative defenses are futile and would be subject to a motion to strike.  The Court does not agree that the futility of these affirmative defenses has been established in the context of this Motion to Amend.  By reaching this conclusion, the Court is not addressing whether Defendant's affirmative defenses would survive a Motion to Strike submitted and briefed to the District Court.

The Court thus **GRANTS** Defendant's Motion to Amend (Doc. 206).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to Amend (Doc. 206) be **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 4th day of May, 2016.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge