UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| **LARRY BLAIR,** | ) |
| | ) |
| **and** | ) |
| | ) |
| **CHARLIE DAVIS,** | ) **Civil Action No:  09-CV-2443 EFM/DWB** |
| **On Behalf of Themselves and** | ) |
| **All Other Persons Similarly Situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **TRANSAM TRUCKING, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

MOTION AND MEMORANDUM IN SUPPORT TO ACCEPT
AND FOR LEAVE TO FILE
CONSENTS TO JOIN OUT OF TIME

COME NOW Plaintiffs Larry Blair and Charlie Davis, by and through counsel, and respectfully request that the Court accept certain previously filed Consents to Join and for leave to file other Consents to Join out of time.  In support thereof, Plaintiffs state:

**I.      PROCEDURAL BACKGROUND**

1.      The Plaintiffs' claims include an "opt-in" collective action under the Fair Labor Standards Act ("FLSA") by which a "similarly situated" driver must provide an executed "consent to join" the case as to his or her claim for unpaid overtime wages against the Defendant.

2.      In granting Plaintiffs' Motion for Conditional Certification of the case as a collective action under the FLSA, by Orders dated August 20, 2015 and August 25, 2015, the Court ordered Defendant to provide Plaintiffs' Counsel with the names, addresses, and phone numbers of putative opt-in Plaintiffs.  (Doc. Nos. 146 and 148).

3.      In the Court's Supplemental Scheduling Order dated September 18, 2015, the Court provided that the opt-in period would close January 30, 2016.  (Doc. No. 150).

4.      Pursuant to the Court granting Conditional Certification and approving the Notice to putative opt-in Plaintiffs, the Parties agreed to send Notice to putative opt-in Plaintiffs stating that, to be included in the FLSA collective action, the recipient should "return" the consent to join by January 30, 2016.  (Exhibit A).

5.      Plaintiffs' Counsel employed a third-party, Angeion Group, to assist Plaintiffs' Counsel in receiving and processing the relevant executed consents to join from putative opt-in Plaintiffs.

6.      By Joint Motion dated March 15, 2016, the Parties notified the Court that Defendant had inadvertently failed to provide to Plaintiffs' Counsel the relevant contact information as to 50 putative opt-in Plaintiffs.  (Doc. No. 204).  Pursuant to that Joint Motion, by Order dated March 17, 2016, the Court authorized notice of consents to join to be sent to those 50 putative opt-in Plaintiffs, and providing an opt-in period for those 50 putative opt-in Plaintiffs for a period of 107 days.  (Doc. No. 208).  Plaintiffs' Counsel and Defendant's Counsel agreed that the 107-day opt-in period for those consents to join would not begin until Angeion Group could compile the relevant information and mail the notice to the 50 putative opt-in Plaintiffs; Angeion Group mailed those 50 notices on March 23, 2016, so that the 107-day opt-in period ended July 8, 2016.

## II.     THE OPT-IN PLAINTIFFS RECEIVING LATE NOTICE DUE TO DEFENDANT'S INADVERTENT OMISSION

7.      Among those 50 putative opt-in Plaintiffs for whom the Defendant inadvertently did not provide timely contact information to Plaintiffs' Counsel, and for whom the opt-in period

was extended to July 8, 2016, included James Brittle, Donald Dowdy and Howard Megill.  (Doc. No. 204-1).

8.      The three respective executed consents to join for James Brittle, Donald Dowdy and Howard Megill, were mailed to Angeion Group, postmarked between March 28, 2016 and April 9, 2016 and received by Angeion between April 1, 2016 and April 15, 2016.  (Docs. 204 and 208).

9.      Plaintiffs' Counsel allowed for Angeion Group to receive additional consents to join from any of the other 50 relevant putative opt-in Plaintiffs through the July 8, 2016 deadline, and forthwith, filed with the Court the executed consents to join for James Brittle, Donald Dowdy and Howard Megill on July 11, 2016.  (Doc. No. 256).

## III.   THE 66 OPT-IN PLAINTIFFS WHOSE CONSENTS TO JOIN WERE POSTMARKED OR RECEIVED BY THE JANUARY 30, 2016 DEADLINE

10.     Angeion Group received a total of 65 executed consents to join from putative opt-in Plaintiffs either by fax or email within a few days before or on January 30, 2016, or by mail postmarked on or before January 30, 2016.  (Declaration of Troy Walitsky, marked hereto as Exhibit B).  Those 65 consents to join were filed with the Court between February 1, 2016 and February 5, 2016.  (Doc. Nos. 189, 190 and 192).

11.     One other driver, Read Tillotson, faxed his executed consent to join to Plaintiffs' Counsel, Brady & Associates, on Saturday, January 30, 2016.  (Declaration of Diana Brady, marked hereto as Exhibit C).  Ms. Brady responded by forwarding Mr. Tillotson's consent to join to Angeion Group either Monday, February 1, 2016 or Tuesday, February 2, 2016.  (*Id.*).  Mr. Tillotson's consent to join was filed with the Court on February 2, 2016.  (Doc. No. 191).

12.     Plaintiffs' counsel and Defendant's counsel conferred, and jointly agree that these consents to join described above were timely filed pursuant to the terms of the Notice because the consents to join were received or postmarked by the date set forth in the Notice.

## IV.     THE 20 OPT-IN PLAINTIFFS WITH UNDELIVERABLE ADDRESSES

13.     As to 20 drivers, the notice of their right to join the lawsuit was mailed to them at the addresses provided by Defendant but was returned to Angeion Group as undeliverable. (Declaration of Troy Walitsky, marked hereto as Exhibit D).  In order for those 20 drivers to receive the notice of their right to execute a consent to join, Angeion Group was required to perform a "skip-trace" to obtain a current address for each of them, then mail the notice to their current addresses, thereby reducing the time those 20 drivers had to respond by executing and providing a consent to join.  (*Id.*)  Angeion Group received the executed consents to join for those 20 drivers on the following dates:

Jeffrey Williams, February 2, 2016
Elden Baker, February 2, 2016
Christopher Angelo, February 3, 2016
Yancy Quinones, February 5, 2016
Charles Overton, February 9, 2016
Rodney Sistrunk, February 18, 2016
Ricia Shaw (Ricia Dean), February 18, 2016
Quintella Hypolite, February 18, 2016
John Stokes, February 18, 2016
Jean-Issac Parent, February 18, 2016
Dewayne Keith Norris, February 18, 2016
Timothy Hollinger, February 22, 2016
Richard Bryant, February 22, 2016
Peter Rivera, March 2, 2016
Brian Smith, March 7, 2016
Yvette Merriweather, March 14, 2016
Matthew Oiler, March 14, 2016
Kenneth Hockensmith, April 1, 2016
Charles Thomas, Jr., April 15, 2016
Randy Johnson, June 9, 2016

14.     Of those 20 drivers, consents to join were filed with the Court for three of them, Christopher Angelo, Elden Baker and Jeffrey Williams, on February 5, 2016.  (Doc. No. 192). The filing of the consent to join for the other 17 drivers has been held in abeyance pending leave to file them pursuant to the instant Motion.

## V.     THE OPT-IN PLAINTIFFS WHO DID NOT RECEIVE TIMELY NOTICE OR WHO OTHERWISE RETURNED CONSENTS TO JOIN AFTER JANUARY 30, 2016

15.     In addition to drivers in the categories listed above, an additional 83 drivers have executed and provided consents to join.  Of those 83 drivers, 35 have provided declarations as to why each of them did not, or were unable to, submit a timely consent to join by the January 30, 2016 end of the opt-in period.  (Declaration of Caleb Holland, marked hereto as Exhibit E; Declaration of Curtis McNeill, marked hereto as Exhibit F; Declaration of Andre Hocklenert, marked hereto as Exhibit G; Declaration of Donald Dowdy, marked hereto as Exhibit H; Declaration of Dewayne Walker, marked hereto as Exhibit I; Declaration of George Fortress, marked hereto as Exhibit J; Declaration of Marlon Miller, marked hereto as Exhibit K; Declaration of Mark Oaks, marked hereto as Exhibit L; Declaration of Lionel Richardson, marked hereto as Exhibit M; Declaration of Anthony Santana, marked hereto as Exhibit N; Declaration of Rhoda Glenn, marked hereto as Exhibit O; Declaration of Michael McKeehan, marked hereto as Exhibit P; Declaration of Rocky L. Hammond, marked hereto as Exhibit Q; Declaration of Rodney China, marked hereto as Exhibit R; Declaration of Norman Myers, marked hereto as Exhibit S; Declaration of Anthony Gillespie, marked hereto as Exhibit T; Declaration of Edward Brawner, Jr., marked hereto as Exhibit U; Declaration of Dwight Butler, marked hereto as Exhibit V; Declaration of Eric Whaley, marked hereto as Exhibit W; Declaration of Frank Russo, marked hereto as Exhibit X; Declaration of Hans Lowes, marked hereto as Exhibit Y; Declaration of Harold Hatch, marked hereto as Exhibit Z; Declaration of

5

Howard McKie, marked hereto as Exhibit AA; Declaration of Jason Johnson, marked hereto as Exhibit BB; Declaration of Jon Zagorski, marked hereto as Exhibit CC; Declaration of Jonathan Savage, marked hereto as Exhibit DD; Declaration of Keith Fennell, marked hereto as Exhibit EE; Declaration of Kevin Shuler, marked hereto as Exhibit FF; Declaration of Rene Ortega, marked hereto as Exhibit GG; Declaration of Robert Turner, marked hereto as Exhibit HH; Declaration of Roderick Dandridge, marked hereto as Exhibit II; Declaration of Stacey Pittman, marked hereto as Exhibit JJ; Declaration of Tommy Modlin, marked hereto as Exhibit KK; Declaration of Walter Hatfield, marked hereto as Exhibit LL; Declaration of Harold Yates, marked hereto as Exhibit MM.

16.     Those 83 drivers who returned consents to join after January 30, 2016, and the dates their respective consents to join were returned, are as follows:

| | | |
|---|---|---|
| 1. | Franklin Hoyle | August 10 |
| 2. | Nathaniel Cradle | August 5 |
| 3. | Billy Green | July 27 |
| 4. | Matthew Jackson | July 1 |
| 5. | Ahmad Cail | June 6 |
| 6. | Alan Hines | June 6 |
| 7. | Joshua Haycox | June 3 |
| 8. | Anthony Santana | June 1 |
| 9. | Arron Woodard | June 1 |
| 10. | Booker Moore | June 21 |
| 11. | Cuauhtemoc Lopez | June 28 |
| 12. | David Braxton | June 1 |
| 13. | Nelson Vasquez | May 31 |
| 14. | Donald Dowdy | April 15 |
| 15. | DeWayne Walker | June 7 |
| 16. | Edwin Enamorado | March 30 |
| 17. | Byron Coats | March 18 |

| | | |
|---|---|---|
| 18. | Scott Moderson | March 18 |
| 19. | Wedrel Broadway | March 18 |
| 20. | Tamu Slaughter | March 11 |
| 21. | Allen Felton | March 2 |
| 22. | Kevin Perkins | February 18 |
| 23. | Phillip Cross | February 18 |
| 24. | Timothy Tucker | February 18 |
| 25. | Anderson Brihm | February 9 |
| 26. | Demorris Speight | February 9 |
| 27. | Francis McNeil | February 8 |
| 28. | Andrew Fanin | February 5 |
| 29. | Dennis Westry | February 5 |
| 30. | Frederick Collins, Sr | February 3 |
| 31. | Kevin Stocklaufer | February 3 |
| 32. | Gary Glover | February 2 |
| 33. | Ilesa Bradley | February 2 |
| 34. | Maurice Chuang | February 2 |
| 35. | Michael Ballard | February 2 |
| 36. | Todd Boring | February 2 |
| 37. | Gary Ross, Jr. | February 1 |
| 38. | Glenn Russ | June 1 |
| 39. | Gregory Wiggins | June 1 |
| 40. | Jonathan Simmons | June 1 |
| 41. | Mark Oaks | June 1 |
| 42. | Marlon Miller | June 1 |
| 43. | Michael McKeehan | June 1 |
| 44. | Paul Stoner | June 1 |
| 45. | Randy Johnson | June 9 |
| 46. | Rhoda Glenn | June 1 |
| 47. | Rocky Hammond | June 1 |
| 48. | Terrence Green | June 1 |

| | | |
|---|---|---|
| 49. | Tyrius Smith | June 1 |
| 50. | Albreanna Patric | July 13 |
| 51. | Anthony Gillispie | July 13 |
| 52. | Curtis Sellers | July 13 |
| 53. | Edward Brawner | July 13 |
| 54. | Eric Whaley | July 13 |
| 55. | Frank Russo | July 13 |
| 56. | Hans Lowes | July 13 |
| 57. | Harold Hatch | July 13 |
| 58. | Jason Johnson | July 13 |
| 59. | Jon Zagorski | July 13 |
| 60. | Kevin Shuler | July 13 |
| 61. | Howard McKie | July 13 |
| 62. | Reginald White | July 13 |
| 63. | Rene Ortega | July 13 |
| 64. | Robert Turner | July 13 |
| 65. | Roderick Dandridge | July 13 |
| 66. | Stacey Pittman | July 13 |
| 67. | Timothy Murdoch | July 13 |
| 68. | Tommy Modlin | July 13 |
| 69. | Tyrone Williams | July 13 |
| 70. | William Thomas | July 13 |
| 71. | George Fortress | February 9 |
| 72. | Dwight Butler | February 18 |
| 73. | Jonathan Savage | February 18 |
| 74. | Keith Fennell | February 12 |
| 75. | Keith Patterson | February 5 |
| 76. | Walter Hatfield | February 18 |
| 77. | Norman Myers | February 3 |
| 78. | Harold Yates | February 8 |
| 79. | Lionel Richardson | February 8 |

|     |                   |             |
| --- | ----------------- | ----------- |
| 80. | Andre Hochlenert  | April 15    |
| 81. | Caleb Holland     | February 5  |
| 82. | Curtis McNeill    | February 5  |
| 83. | Rodney China      | August 15   |

(Declaration of Troy Walitsky, marked hereto as Exhibit B).

17.     Three drivers declare that they did return the executed consent to join to Angeion Group before January 30, 2016.   (Exhibits E, F and MM).   The records of Angeion Group indicate that Angeion Group received two of those consents to join on February 5, 2016 and received the other consent to join on February 8, 2016.  (Exhibit B).

18.     Thirty drivers have declared that they did not receive timely opt-in notice, or were otherwise precluded from timely responding to the opt-in notice due to driving on the road for work for extended periods of time or for other personal reasons. (Exhibits G, H, I, K, L, M, N, O, P, Q, R, S, T, V, W, X, Y, Z, AA, BB, CC, DD, EE, FF, GG, HH, II, JJ, KK, LL, MM).

19.     One driver, George Fortress, declares that he does not know why his consent to join was received late.  (Exhibit J). Nonetheless, Angeion Group received Mr. Fortress' consent to join on February 9, 2016, only 10 days after the end of the opt-in period. (Exhibit B).

20.     One driver mistakenly believed the notice related to a different class action against the Defendant for which he was already a party plaintiff, so he, for a time, ignored the notice.  (Exhibit T).

## VI.    ARGUMENT AND AUTHORITIES

The Court's relevant Scheduling Orders identify the end of the opt-in periods.  Specifically, the opt-in period generally ended on January 30, 2016, except for the 50 drivers who Defendant inadvertently omitted from the initial list to Plaintiffs' Counsel, whose opt-in period ended July 8, 2016, as described above.  The relevant Notice approved by the Parties pursuant to the Court

granting Conditional Certification instructed putative opt-in Plaintiffs to "return" executed consents to join by January 30, 2016.

As to the consents to join received by Angeion Group, or that were otherwise postmarked by January 30, 2016, and which have been filed, the Court should accept those opt-in Plaintiffs as timely. In *Hurt v. Commerce Engery, Inc.,* 2014 W.L. 494571 (N.D. Ohio Feb. 6, 2014), the relevant scheduling order set a "closeout deadline" for consents to join without specifying whether that deadline referred to the date of return, the date for receipt, or the date for filing. *Id.* at *1. The notice stated that the executed consent to join were to be postmarked by the deadline. *Id.* The court rejected the defendant's motion to strike consents to join postmarked by the deadline, but not filed until later. *Id.* The court reasoned that the relevant opt-in plaintiffs complied with the notice, and that the filing of those consents to join after the deadline was of little import. *Id.*; *see also Benaidez v. Piramides Mayas, Inc.,* 2013 W.L. 1627947 *3 (S.D.N.Y. April 16, 2013). *Ruggles v. Wellpoint, Inc.,* 687 F. Supp. 2d 30, 37-38 (N.D.N.Y. Oct. 14, 2009). Thus, in the instant matter, the Court should approve and accept the following consents to join which have previously been filed with the Court: 1) the three consents to join filed on July 11, 2016 for opt-in Plaintiffs who were among the 50 drivers who were omitted from the original list of drivers to receive notice; 2) the 65 drivers whose consents to join were received by Angeion Group or whose consents to join were postmarked by January 30, 2016 and received by Angeion Group thereafter, which were filed with the Court between February 1, 2016 and February 5, 2016; 3) the three drivers whose consents to join were subject to "skip tracing" by Angeion Group which were filed with the Court on February 5, 2016.

Moreover, even as to untimely returned consents to join, as discussed below, courts have accepted or allowed late-filed consents to join, even without "good cause," for judicial efficiency of avoiding subsequent lawsuits by the otherwise excluded individuals, absent a showing of

substantial prejudice by the defendant. *Hurt,* 2014 W.L. 494571 *Id.* at *1-2; *Benavidez,* 2013 W.L. 1627947 at *3; *In re Wells Fargo Home Mortgage Overtime Pay Litigation,* 2008 W.L. 471269 *2-3 (N.D. Cal. Oct. 23, 2008); *Ruggles,* 687 F. Supp. 2d at 37-38; *Heaps v. Safelite Solutions, LLC,* 2011 W.L. 67490053 (S.D. Ohio Dec. 22, 2011). To date, there have been 1,951 consents to join filed in this case. Thus, granting leave to allow the additional 83 consents to join, which would constitute only additional 4.25 % of opt-in Plaintiffs, will not cause substantial prejudice to the Defendant. *See Hurt,* 2014 W.L. 494571 at *1 & n. 13; *Wells Fargo,* 2008 W.L. 4712769 at *2-3 *Benavidez,* 2013 W.L. 1627947 at *3; *Heaps,* 2011 W.L. 6749053 at *2.

To the extent that the Court will require good cause for untimely returns of consents to join, as to the 35 putative opt-in Plaintiffs who have submitted declarations explaining why they did not return timely consents to join, being away from home for extended periods of time or lack of actual timely receipt of the notice to join otherwise constitutes "good cause." *Thompson v. Peak Energy Services, Inc.,* 2014 W.L. 789087 *2 (W.D. Pa. Feb. 26, 2014).

VII.   **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Court should accept the consents to join that have been filed after January 30, 2016. Also, for the foregoing reasons, the Court should grant leave for the Plaintiffs to file the additional 83 consents to join discussed herein.

**BRADY & ASSOCIATES**

By:   *s/Mark A. Kistler*
Mark A. Kistler, KS #17171
Michael F. Brady, KS #18630
Sara T. Ballew, KS #25787
10985 Cody Street, Suite 135
Overland Park, KS  66210
(913) 696-0925
(913) 696-0468 *(Facsimile)*

11

mkistler@mbradylaw.com
brady@mbradylaw.com
sballew@mbradylaw.com


And

**THE WOODY LAW FIRM PC**

Teresa A. Woody, #16949
1621 Baltimore Avenue
Kansas City, MO  64108
816-421-4246
816-471-4883 *(Facsimile)*
teresa@woodylawfirm.com

And

**SIRO SMITH DICKSON PC**

Eric W. Smith, KS #16539
Rik N. Siro, KS FED #77812
Athena M. Dickson, KS #21533
Raymond A. Dake, KS FED #78448
1621 Baltimore Avenue
Kansas City, MO  64108
816.471.4881
816.471.4883 *(Facsimile)*
esmith@sirosmithdickson.com
rsiro@sirosmithdickson.com
adickson@sirosmithdickson.com
rdake@sirosmithdickson.com

**Attorneys for Plaintiffs**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of September, the above and foregoing was filed with the Clerk of the Court via CM/ECF that sent notification to the following:


Rachel H. Baker
Shannon D. Johnson
Brenda G. Hamilton
Brad K. Thoenen
Seigfreid Bingham P.C.
2800 Commerce Tower
911 Main Street
Kansas City, Missouri 64105
rbaker@sb-kc.com
sjohnson@sb-kc.com
bhamilton@sb-kc.com
bthoenen@sb-kc.com


**Attorneys for Defendant**

*s/Mark A. Kistler*
Mark A. Kistler