## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY BLAIR and CHARLIE DAVIS,    )
On Behalf Of Themselves And All Other    )
Persons Similarly Situated,    )
   )
            Plaintiffs,    )
   )    Case No.: 09-2443-EFM-KGG
TRANSAM TRUCKING, INC.,    )
   )
            Defendant.    )
_____ )

## ORDER ON MOTION TO STRIKE SUPPLEMENTAL DISCLOSURES

Now before the Court is Defendant's "Motion to Strike Certain of Plaintiffs' Supplemental Rule 26 Disclosures." (Doc. 340.) Having reviewed the submissions of the parties, the Court **GRANTS** Defendant's motion.

## FACTS

Plaintiffs filed their initial class action Complaint on August 21, 2009, alleging violations of the Fair Labor Standards Act ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and the Kansas Minimum Wage and Maximum Hours Law ("KMWMHL"). (Doc. 1.) Defendant filed its initial Answer on October 14, 2009. (Doc. 10.) Plaintiffs were subsequently granted leave to file an Amended Complaint, which they did on January 28, 2010. (Doc. 22.) Thereafter, Defendant filed a Motion for a More Definite Statement (Doc. 23), which was denied by Magistrate Judge Donald Bostwick on June 7, 2010 (Doc. 29).

The case was subsequently stayed pending a decision by the Kansas Supreme Court in the matter of ***Brown v. Ford Storage and Moving Co. Inc.***, No. 09–101915–A.  (*See* October 12, 2010, text entry.)  The undersigned Magistrate Judge entered a Scheduling Order on October 22, 2012.  (Doc. 45.)  The case proceeded through discovery until the parties filed Motions for Summary Judgment (Docs. 63, 64, 65, 66) in April, 2013, regarding the "threshold issue as to whether Defendant had misclassified Plaintiffs as 'independent contractors' . . . ." (*See* Doc. 84, at 2.)  These motions were denied by the District Court on November 13, 2013.  (Doc. 77.)

Thereafter, another Scheduling Order was entered on January 8, 2014.  (Doc. 81.)  Plaintiffs were granted leave to file their Second Amended Complaint (*see* Doc. 87, 88) and subsequently were allowed to certify the class (Doc. 146).  A supplemental Scheduling Order was entered on September 18, 2015, with a second supplemental Scheduling Order entered on August 31, 2016.  (Docs. 150, 320.) The latter document includes a discovery deadline of November 16, 2016, with supplemental Rule 26 disclosures to be served 60 days before.  (Doc. 320, at 1-2.) That Order stated that the supplemental disclosures "must identify all witnesses and exhibits that probably or even might be used at trial.  The opposing party and counsel should be placed in a realistic position to make judgments about whether

to take a particular deposition or pursue follow-up 'written' discovery before the time allowed for discovery expires." (*Id.*, at 2.)

The present motion stems from the following categories of witnesses and documents enumerated in Plaintiffs' supplemental disclosures:

> A.3 All drivers who have opted into the lawsuit, the majority of whom are listed in the attached Exh. A.
>
> A.18 All individuals identified in depositions in this matter.
>
> A.19 All driver managers employed by Defendant from 2006 to the present.
>
> A.20 All dispatchers employed by Defendant from 2006 to the present.
>
> A.21 All planners employed by Defendant from 2006 to the present.
>
> A.22 All individuals responsible for training, coaching, recruiting, safety, and safety training from 2006 to the present.
>
> A.23 All individuals employed by TransAm Leasing, Inc. from 2006 to the present.
>
> A.26 All individuals identified in discovery responses including interrogatory answers and documents produced by either party or received from third parties pursuant to formal or informal discovery obligations in this matter, unless objected to by Plaintiffs.
>
> B.12 All deposition exhibits and transcripts and all documents identified in any deposition exhibit or transcript, referenced in depositions taken to date listed in

Exh. B and to be produced at further depositions in this matter.

B.13 All documents identified in discovery responses, including documents produced to date or to be produced in the future pursuant to document requests, interrogatories, questionnaires, or Rule 26 Disclosures.

(Doc. 341, at 2; Doc. 341-1, at 2, 4-5.)

## ANALYSIS

Federal Rule of Civil Procedure 26(a) governs the duty to make certain disclosures.  Subsection (a)(1)(A) of Rule 26 requires that the parties, without awaiting a discovery request, provide "the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  The disclosing party must also provide "a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment."  *Id.*

Section (e) of Rule 26 governs the supplementation of disclosures and discovery responses.  It requires a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information

4

has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed.R.Civ.P. 26(e)(1).

The disclosures required by Rule 26 are intended to provide sufficient detail and clarity to permit the receiving party "'to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial.'" *Estate of McDermed v. Ford Motor Co.*, No. 14-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. 2016) (quoting *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004)). Rule 26(e)(1) acknowledges that supplementation of initial disclosures "can take various forms," but such "alternative methods for supplementation must be consistent with and further the objectives underlying the mandatory disclosure requirement." *Id*.

Rule 26 also proscribes certain sanctions for the failure to meet its disclosure requirements.

> The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), is that the noncompliant party is 'not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.' The determination of whether a Rule 26(a) violation is justified or harmless is 'entrusted to the broad discretion of the district court.' While a court 'need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose,' the court should be guided by the following factors: 1) the prejudice or surprise to the party against whom the testimony is offered, 2) the ability to cure any prejudice, 3) the potential for trial

5

disruption if the testimony is allowed, and 4) the erring party's bad faith or willfulness.  The party who failed to make the required disclosure has the burden to demonstrate substantial justification or the lack of harm. In addition to or instead of this sanction, the court '(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).'  Sanctions available under Rule 37(b)(2)(A) include 'prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence' and 'striking pleadings in whole or in part.'

*Id*. (internal citations omitted).

## A.    Witness Categories (A.3, A.18-A.23, and A.26).

These categories listed the following types of witnesses:  "all drivers," "all individuals identified in depositions," "all driver managers," "all dispatchers," "all planners," "all individuals responsible for training," "all individuals employed," and "all individuals identified in discovery responses . . . ."  (Doc.  341-1.) Defendant argues that the general descriptive nature of these categories "does nothing to assist TransAm or its counsel to make realistic judgments about whether to take depositions of these individuals or to pursue follow-up written discovery with respect to these individuals."  (Doc. 341, at 5.)  Defendant thus contends these categories do not comply with the second supplemental Scheduling

Order or Rule 26(e) and should be stricken.  (*Id.*)  Defendant continues that they are "severely prejudiced" by the language used in these categories.

Upon being informed of Defendant's concerns, Plaintiffs informed defense counsel that "[i]f Plaintiffs make a determination to call a driver as a witness who has not been deposed by TransAm, Plaintiffs will notify TransAm of that driver's identification in time for TransAm to depose that witness."  (Doc. 341, at 6; Doc. 341-3, at 1.)  According to Defendant, this equates to Plaintiffs "establishing their own scheduling order, convenient only to their determination of when they might notify Defendant of witnesses who may be used to support a case they filed over seven years ago."  (Doc. 341, at 6.)  This, according to Defendant, strips the Scheduling Order of its purpose.

> In filing their Rule 26 Supplemental Disclosures, Plaintiffs assert that the only witnesses they plan to use at trial are the individuals listed in their Supplemental Disclosures (Exhibit A).  See also Exhibit C, in which Plaintiffs' counsel states that they do not plan on calling drivers who have not been deposed.  These are the only individuals Plaintiffs have been able to identify.  To cover themselves, however, and allow them to continue to identify and add witnesses to their Disclosures, Plaintiffs included Section A categories (3, 18-23, and 26) that include literally thousands of people, and virtually everyone associated with the case in any respect.  These categories are deficient and do not comply with the Court's Second Supplemental Scheduling Order.

(Doc. 341, at 6.)

The Court finds Plaintiffs' tactics, including "catchall" categories to encompass witnesses not yet identified, to be similar to the tactics attempted by the plaintiff in **McDermed**.[1]   Therein, the plaintiffs listed the following category of documents in their Rule 26(e)(1) supplemental disclosures:  "17.  Reserved for further discovery of Rule 30(b)(6) Corporate Representative Deposition (Ram Krishnaswami) and Defendant's Expert Dr. William Scott."  (Case No. 14-2430-CM-TJJ, ECF Doc. 96-2, at 12.)  Judge James found this disclosure to be inappropriate.  "The Court does not find this 'reservation' of future discovery to be a proper supplemental disclosure under Rule 26(e)."  **McDermed**, 2016 WL 1298096, at 14.

Similarly, this Court does not find Plaintiffs' identification of "all drivers," "all individuals identified in depositions," "all driver managers," "all dispatchers," "all planners," "all individuals responsible for training," "all individuals employed," and "all individuals identified in discovery responses" to be appropriate.  These categories serve only to protect Plaintiffs, allowing them to identify specific witnesses at a later date, and in no way place opposing counsel "in

---

[1]   In **McDermed**, the plaintiffs' supplemental disclosures were untimely and the defendant argued that the delay was prejudicial.  2016 WL 1298096, at 10.  The Court finds **McDermed** to be instructive because the Defendant herein is also attempting to establish prejudice.  Further, the supplementation deadline in the present case expired – and Plaintiffs failed to timely serve supplemental disclosures – before Plaintiffs ultimately were allowed to extend the discovery deadline which also extended the (already expired) supplementation deadline.  (*See* Doc. 341, at 7.)

a realistic position to make judgments about whether to take a particular deposition or pursue follow-up 'written' discovery before the time allowed for discovery expires." (Doc. 320, at 2.)  To allow Plaintiffs to proceed with these categories of witnesses would be unduly prejudicial to Defendant.  As such, this portion of Defendant's motion is **GRANTED**.

**B.     Document Categories (B.12 and B.13).**

Category B.12 discloses all "documents identified in any deposition exhibit or transcript, referenced in depositions taken to date . . . and to be produced at further depositions in this matter." (Doc. 341, at 2; Doc. 341-1, at 6.)  Category B.13 references "documents identified in discovery responses, including documents produced to date or to be produced in the future pursuant to document requests, interrogatories, questionnaires, or Rule 26 Disclosures." (Doc. 341, at 3; Doc. 341-1, at 6.)  Defendant complains that this language is "hopelessly vague and overly broad and would impermissibly require Defendant to scour every document in this matter." (Doc. 341, at 9.)

The *McDermed* court dealt with an analogous situation when the plaintiffs argued that the defendant was not prejudiced by the untimely disclosure of witnesses because the witnesses had been mentioned in discovery and documents exchanged and identified in that case.  Therein, Judge James held that the plaintiffs'

prior references to these individuals in an interrogatory
answer, during a deposition, in a police report, and in
medical records produced during discovery were not
sufficient to put Defendant on notice that Plaintiffs
intended to list these individuals as Rule 26(a)(1)(A)
witnesses likely to have discoverable information that
Plaintiffs may use to support their claims.
   . . .

   Plaintiffs' argument that Defendant should have
known Plaintiffs intended to disclose these witnesses
because they were referenced in discovery flies in the
face of the intent and common sense application of Rule
26 disclosures. **If a mere reference to an individual in
an interrogatory answer, deposition, or documents
produced during discovery could suffice as a proper
Rule 26 disclosure, then an opposing party would
need to scour every such document and consider
whether to depose or conduct other discovery
regarding each person referenced in such documents**.
**This is contrary to the disclosure requirements of
Rule 26, which place the burden on each party to
identify individuals likely to have discoverable
information that party may use to support its claims
or defenses, so that the opposing party can make an
informed discovery plan**.

2016 WL 1298096, at 5 (emphasis added).

  Similarly, Defendant in the present case should not be required to "scour

every . . . document" identified or produced in this case in an effort to surmise

which documents Plaintiffs may use at trial.  Rule 26 places the burden on the

<u>disclosing</u> party to specifically identify the witnesses and documents it may call at

trial.  Plaintiffs' tactics are contrary to the intentions of the rule.  As such, this

portion of Defendant's motion is, also, **GRANTED**.

Defendant's motion (Doc. 340) is, therefore, **GRANTED**.  Categories A.3, A.18-23, A.26, B.12, and B.13 are stricken from Plaintiff's supplemental disclosures (Doc. 341-1).

**IT IS SO ORDERED.**

Dated this 25th day of January, 2017, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE
