# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY BLAIR and CHARLIE DAVIS, On Behalf Of Themselves And All Other Persons Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) ) Case No.: 09-2443-EFM-KGG |
| TRANSAM TRUCKING, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER ON MOTION TO COMPEL RESPONSES
## TO THIRD-PARTY SUBPOENA

Now before the Court is Plaintiffs' "Motion to Compel Responses and the Production of Responsive Documents to Subpoena Duces Tecum to TransAm Leasing." (Doc. 363.) Having reviewed the submissions of the parties, the Court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

## FACTS

This is a class action case alleging violations of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"). Plaintiffs contend that Defendant "has misclassified its Leased Drivers as independent contractors, rather than employees, and has violated the [FLSA] by failing to pay the Leased Drivers minimum wages and the [KWPA] by failing to pay Leased Drivers all wages due and otherwise made unlawful deductions of pay." (Doc. 363, at 1-2.)

1

The facts of this case were recently summarized in this Court's Order on Defendant's motion to strike Plaintiff's supplemental Rule 26 disclosures. (Doc. 403.) That summary is incorporated herein by reference.

The present motion relates to the third-party subpoena Plaintiffs served on TransAm Leasing, Inc., a wholly-owned subsidiary of Defendant. Plaintiffs contend that

> Defendant's business model involves Leased Drivers contemporaneously signing two agreements: an 'Equipment Lease Agreement' to lease a truck from TransAm Leasing, Inc. ('TransAm Leasing'); and an 'Independent Contractor Agreement' to provide driving work for Defendant TransAm Trucking wherein the Leased Driver also leases the truck back over to Defendant TransAm Trucking.

(Doc. 363, at 2.) Plaintiffs argue that this "triangulation of the relationships between TransAm Leasing, the Leased Drivers and [Defendant] TransAm Trucking" is at the root of the "fundamental inquiry as to Leased Driver misclassification." (*Id.*, at 8.)

In the context of these allegations, Plaintiffs served a third-party subpoena on TransAm Leasing seeking the following documents:

> 1. Documents that identify the officers and directors of TransAm Leasing;
>
> 2. Documents that identify employees of TransAm Leasing;

2

3. Documents that identify each truck leased from or through TransAm Leasing that was used to perform any services for any company, entity, person or motor carrier other than Defendant TransAm Trucking;

4. Documents that identify drivers who leased a truck from or through TransAm Leasing, Inc. that was used to haul any load or otherwise perform any services for any company, entity, person or motor carrier other than Defendant TransAm Trucking;

5. Documents that identify drivers who leased a truck from or through TransAm Leasing and who provided any down payment or other financial investment or security in order to lease said truck from TransAm Leasing, Inc.;

6. Documents that identify each driver who leased a truck from or through TransAm Leasing and from whom TransAm Leasing required any financial information, security or credit information prior to or at the time of entering into such lease;

7. Documents that identify instances when a driver became the owner of a truck that the driver had previously leased from or through TransAm Leasing;

8. Documents that identify instances when an individual or driver entered into an agreement to purchase a truck that the driver had previously leased from or through TransAm Leasing;

9. Documents that identify instances when a driver entered into an agreement to finance the purchase of a truck that the driver had previously leased from or through TransAm Leasing, Inc;

10. Documents that refer to TransAm Leasing's requirements and/or assessments of credit worthiness of drivers who leased trucks from or through TransAm Leasing;

3

11. Documents that constitute or refer to all versions of leasing agreements used by TransAm Leasing;

12. Documents that relate to any individual who purchased, or was permitted by TransAm Leasing, Inc. to purchase, or who requested permission to purchase, insurance from sources other than TransAm Leasing;

13. Documents that constitute or refer any requirements or policies of TransAm Leasing regarding insurance required on the trucks leased from or through TransAm Leasing;

14. Documents and communications that identify the ownership of trucks leased from or through TransAm Leasing;

15. Documents that constitute or relate to payments or exchanges of assets from TransAm Trucking to TransAm Leasing;

16. Documents that constitute or relate to payments or exchanges of assets from TransAm Leasing to TransAm Trucking;

17. Documents that relate to any claims by Defendant or TransAm Leasing for deficiencies with respect to trucks leased by any Leased Driver at any time during the class period;

18. Documents that identify or relate to any legal action threatened, taken, or filed by TransAm Leasing in an attempt to collect any deficiencies with respect to trucks leased through TransAm Leasing;

19. Documents that concern the characterization of drivers who leased trucks from or through TransAm Leasing, and then entered into an Independent Contractor Agreement with TransAm Trucking, as independent contractors.

> 20. Documents that concern the characterization of drivers who leased trucks from or through TransAm Leasing, and then entered into an Independent Contractor Agreement with TransAm Trucking, Inc., as employees.

(Doc. Nos. 316 and 316-1).[1]  Plaintiffs move to compel certain responses and documents from third-party TransAm Leasing as to the subpoena.  Each relevant category will be discussed in turn.

## ANALYSIS

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

Fed.R.Civ.P. 45 governs subpoenas, with section (d) of that Rule relating to "protecting a person subject to a subpoena" as well as "enforcement."  Subsection (d)(1) of the Rule states that

---

[1] Plaintiffs' briefing does not specifically address the responses to categories 1 and 2 from the subpoena.  As such, the Court surmises these categories are not at issue.

5

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Subsection (d)(2)(B) relates to objections to subpoenas and states that

> [a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
>
>> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>>
>> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Thus, the Court must balance Plaintiffs' needs for the information with the potential for undue burden or expense imposed on the third party respondent.

As an initial matter, the Court notes TransAm Leasing's statement that during the pre-motion "meet and confer" process, "counsel for TransAm Trucking

6

asked specifically for the identification of any documents Plaintiffs' [sic] believed were somehow missing from the production." (Doc. 378, at 1-2.) TransAm Leasing continues that "[n]o response was provided; the instant Motion was filed instead." (*Id.*)

TransAm Leasing appears to infer that all responsive documents must have been produced because Plaintiffs failed to identify specific documents that had not been provided.  Such an argument is without merit.  The Court acknowledges that a requesting party is often aware of the specific documents it seeks.  That stated, it is not the responsibility of – nor is it possible for – a requesting party to always know the exact documents in another party's possession, custody or control.

As stated in Fed.R.Civ.P. 34(b), a document request "must describe with reasonable particularity each item **or category of items** to be inspected . . . ." (Emphasis added.)   Plaintiffs have provided 20 categories of items they want to inspect.  The fact that Plaintiffs have not given TransAm Leasing a listing of the specific documents they want TransAm Leasing to produce is irrelevant.  The Court will now turn its attention to the specific categories of documents at issue.

**A.   Categories 3 and 4.**

Category No. 3 seeks documents identifying "each truck leased from or through TransAm Leasing . . . used to perform any services for any company . . . other than Defendant . . . ."  Category No. 4 seeks documents identifying "drivers

who leased a truck" from TransAm Leasing used to conduct any services for "any company . . . other than Defendant . . . ." (Doc. 316-1, at 5.) Plaintiffs argue that such documents "could touch upon the Leased Driver's economic dependence upon Defendant generally and the Leased Driver's opportunity for profit under the FLSA, and . . . the right-to-control test under the KWPA." (Doc. 363, at 13.) The Court finds that Plaintiffs have established the relevance of the requested documents.

TransAm Leasing objected that the category was "overly broad and unduly burdensome," arguing that the use of the terms "all documents" and "relate to" are inappropriately broad. (Doc. 378, at 6.) While these terms may be considered omnibus terms, these terms are not *per se* inappropriate.

> Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' ***Johnson v. Kraft Foods North America, Inc.***, 238 F.R.D. 648, 658 (D. Kan. 2006) (citing ***Cardenas v. Dorel Juvenile Group, Inc.***, 232 F.R.D. 377, 382 (D. Kan. 2005) (internal citations omitted)). 'That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents.' *Id.* See also ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 667 (D. Kan. 2004); ***Aikens v. Deluxe Fin. Servs., Inc.***, 217 F.R.D. 533, 538 (D. Kan. 2003).
>
> Courts want to avoid a situation in which a party upon whom discovery is served needs 'either to guess or move through mental gymnastics...to determine which of many pieces of paper may conceivably contain some detail,

8

>either obvious or hidden, within the scope of the request.'
>*Id*. 'When, however, the omnibus phrase modifies a
>sufficiently specific type of information, document, or
>event, rather than large or general categories of
>information or documents, the request will not be deemed
>objectionable on its face.' *Id*.

*Waters v. Union Pacific Railroad Co.*, 2016 WL 4479127, at *2 (D. Kan. August 25, 2016) (citing *Union Pacific R. Co. v. Grede Foundries, Inc.*, No. 07-1279-MLB-DWB, 2008 WL 4148591, at *4 (D. Kan. Sept. 3, 2008)). The terms, as used in the subpoena categories at issue, are modified by sufficiently specific topics and, therefore, are not objectionable on their face.[2]

Without waiving these objections, TransAm Leasing stated that "it *believes* that documents responsive to this request have already been produced" by Defendant TransAm Trucking. (Doc. 363-21, at 1-2 (emphasis added).) The Court agrees with Plaintiffs that this response is improper and "amounts to essentially a wholesale failure" by TransAm Leasing to determine whether it has responsive, discoverable documents within its possession, custody or control. (Doc. 363, at 13.) This portion of Plaintiffs' motion is, therefore, **GRANTED**.

TransAm Leasing is directed to make a specific determination whether other documents exist and, if so, whether they have been produced by Defendant. To the

---

[2] The Court finds this to be true as to the other subpoena categories for which Defendant raised this same objection (*i.e.* categories 5 - 9, 11 - 15, 17, 19 - 20 (*see generally* Doc. 378.)). As such, the objection is overruled unless stated otherwise by the Court as to a specific category of documents, *infra*.

extent it has not done so, TransAm Leasing must identify by bates number any responsive documents previously produced by Defendant. To the extent there are responsive documents that have not been produced, TransAm Leasing is directed to produce the same. If there are no other responsive documents, TransAm Leasing must state so affirmatively and indicate that all responsive documents have been identified and/or produced.[3]

**B.     Categories 5 - 10.**

These categories relate to certain financial aspects of the lease relationship between the Leased Drivers and the TransAm Leasing and potential ownership of trucks by Leased Drivers. (Doc. 316-1, at 5-7.) Plaintiffs contend that this information "touch[es] upon the ostensible independence of the Leased Drivers as arms-length business entities, separate and apart from performing driving services for Defendant." (Doc. 363, at 13-14.)

TransAm Leasing objected that the categories were overly broad/unduly burdensome and/or that the use of the term "financial investment is vague and overbroad . . . ." (Doc. 363-21, at 2.) In response to these categories, TransAm Leasing again stated that it "believes" that responsive documents "have been produced by [Defendant] in this litigation." (*Id.*) For the reasons set forth in

---

[3] Responses referencing Bates numbers of documents produced by Defendant should be categorized to respond to each individual request. *See* Rule 45(e)(1)(A).

Section A, *supra*, the Court finds the TransAm Leasing relying on its "belief" to be insufficient. This portion of Plaintiffs' motion is **GRANTED**.

TransAm Leasing is directed to make a specific determination whether other documents exist and, if so, whether they have been produced by Defendant. To the extent it has not done so, TransAm Leasing must identify by bates number any responsive documents previously produced by Defendant. To the extent there are responsive documents that have not been produced, TransAm Leasing is directed to produce the same. If there are no other responsive documents, TransAm Leasing must state so affirmatively and indicate that all responsive documents have been identified and/or produced.

## C.    Category No. 11.

This category encompasses documents and communications regarding "all versions of leasing agreements" used by TransAm Leasing for 2007 through the present. (Doc. 316-1, at 7.) Plaintiffs contend that such documents "could lead to admissible evidence that one or more purposes of the structure of those leasing agreements was to either maintain the Leased Drivers' economic dependence upon Defendant or to maintain certain aspects of Defendant's control over Leased Drivers." (Doc. 363, at 14.)

TransAm Leasing objected as to overbreadth and burdensomeness as well as seeking documents protected by the attorney-client privilege.[4] (Doc. 363-12, at 3.) Without waiving the stated objections, TransAm Leasing again stated that it "believes" that responsive documents "have been produced by [Defendant] in this litigation." (*Id.*) For the reasons set forth in Section A, *supra*, the Court finds the TransAm Leasing relying on its "belief" to be insufficient. This portion of Plaintiffs' motion is **GRANTED**.

TransAm Leasing is directed to make a specific determination whether other documents exist and, if so, whether they have been produced by Defendant. To the extent it has not done so, TransAm Leasing must identify by bates number any responsive documents previously produced by Defendant. To the extent there are responsive documents that have not been produced, TransAm Leasing is directed to produce the same. If there are no other responsive documents, TransAm Leasing must state so affirmatively and indicate that all responsive documents have been identified and/or produced.

**D.    Categories 12 and 13.**

These categories relate to insurance. Plaintiffs contend the information "could lead to admissible evidence as to the level of supposed independence of

---

[4] The Court notes that the applicability of the attorney-client is not at issue in Plaintiffs' motion.

Leased Drivers from Defendant." In response to Category No. 12, TransAm Leasing once again states that it "believes" Defendant has produced the responsive documents. As stated above, this is inappropriate. The portion of Plaintiffs' motion relating to Category No. 12 is **GRANTED**.[5] TransAm Leasing is directed to make a specific determination whether other documents exist and, if so, whether they have been produced by Defendant. To the extent it has not done so, TransAm Leasing must identify by bates number any responsive documents previously produced by Defendant. To the extent there are responsive documents that have not been produced, TransAm Leasing is directed to produce the same. If there are no other responsive documents, TransAm Leasing must state so affirmatively and indicate that all responsive documents have been identified and/or produced.

**E.     Category 14.**

This category seeks "[a]ny and all documents and communications that identify, refer or relate to the ownership of trucks leased from or through TransAm Leasing, Inc." from 2007 through the present. (Doc. 316-1, at 7.) TransAm Leasing responded that the category is overly broad and unduly burdensome in that it would be required "to produce virtually every single document in its possession,

---

[5] Given the response by TransAm Leasing to Category No. 13 of the subpoena (Doc. 363-21, at 3) as well as the language contained in Plaintiff's motion (Doc. 363, at 14), the Court is unaware of any specific relief requested by Plaintiff in regard to Category No. 13. The Court does, however, overrule Defendant's "overly broad and unduly burdensome" objection. For the reasons set forth above, Plaintiff's use of "all documents" and "refer or relate to" do not constitute inappropriate omnibus terms.

13

custody, or control, for the prior nine to ten years." (Doc. 363-21, at 3.) The Court agrees that this category, as worded, is not sufficiently narrowed or specific. TransAm Leasing's objection is sustained. Plaintiffs' motion is **DENIED** as to Category No. 14.

**F.     Categories 15 and 16.**

Categories 15 and 16 ask for documents and communications regarding payments from Defendant or its affiliates to TransAm Leasing, or vice versa, from 2007 through the present. (Doc. 316-1, at 7-8.) TransAm Leasing responds that its affiliates are not parties to this litigation. As such, payments between Defendant's affiliates and TransAm Leasing could not possibly be relevant. (Doc. 363-21, at 3.) Nothing in Plaintiffs' motion establishes the relevance of such information. TransAm Leasing's objection as to affiliates is, therefore, sustained. Further, Plaintiffs' motion does not establish the insufficiency of TransAm Leasing's response as to payments between it and Defendant. The portion of Plaintiffs' motion relating to Categories 15 and 16 is **DENIED**.

**G.     Categories 17 and 18.**

These categories seek documents relating to deficiencies with trucks leased by Leased Drivers or legal action threatened, taken, or filed by TransAm Leasing to collect any deficiencies with leased trucks. (Doc. 316-1, at 8.) TransAm Leasing states that it "believes" Defendant has produced the responsive documents.

14

Again, the "belief" of TransAm Leasing regarding the production of responsive documents is not sufficient. The portion of Plaintiffs' motion relating to Categories 17 and 18 is **GRANTED**. TransAm Leasing is directed to make a specific determination whether other documents exist and, if so, whether they have been produced by Defendant. To the extent it has not done so, TransAm Leasing must identify by bates number any responsive documents previously produced by Defendant. To the extent there are responsive documents that have not been produced, TransAm Leasing is directed to produce the same. If there are no other responsive documents, TransAm Leasing must state so affirmatively and indicate that all responsive documents have been identified and/or produced.

**H.    Categories 19 and 20.**

The final two categories request documents regarding the characterization of drivers who leased trucks from TransAm Leasing as independent contractors (Category 19) or employees (Category 20). (Doc. 316-1, at 8.) TransAm Leasing argues that because it is not a party to this litigation, its classification of the drivers "is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 363-21, at 4.) Plaintiffs merely contend that this information "could lead to admissible evidence on the classification issue in this case." (Doc. 363, at 15.) This does not adequately establish the relevance of the requested information, particularly in comparison to the potential burden to TransAm

15

Leasing.  Given the broad nature of this request, the Court finds that the response of TransAm Leasing was adequate.  The Court sustains the objection of TransAm Leasing.

As such, it is sufficient for TransAm Leasing to have referred Plaintiffs to the Equipment Lease Agreements previously produced by Defendant.  This portion of Plaintiffs' motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Plaintiffs' Motion (Doc. 363) is **GRANTED in part** and **DENIED in part** as more fully set forth above.

**IT IS SO ORDERED.**

Dated this 30th day of January, 2017, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE
