## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LARRY BLAIR and CHARLIE DAVIS, )
On Behalf Of Themselves And All Other )
Persons Similarly Situated, )
                                      )
              Plaintiffs, )
                                      )  Case No.: 09-2443-EFM-KGG
TRANSAM TRUCKING, INC., )
                                      )
             Defendant. )
_____ )

## ORDER ON MOTION TO QUASH THIRD-PARTY SUBPOENA
## AND FOR PROTECTIVE ORDER

Now before the Court is Plaintiffs' "Motion to Quash Subpoena to Mary Hoyt and for Protective Order." (Doc. 372.) Having reviewed the submissions of the parties, the Court **DENIES** Plaintiffs' motion.

## FACTS

This is a class action case alleging violations of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"). Plaintiffs contend that Defendant "has misclassified its Leased Drivers as independent contractors, rather than employees, and has violated the [FLSA] by failing to pay the Leased Drivers minimum wages and the [KWPA] by failing to pay Leased Drivers all wages due and otherwise made unlawful deductions of pay." (Doc. 363, at 1-2.)

1

The facts of this case were recently summarized in this Court's Order on Defendant's motion to strike Plaintiff's supplemental Rule 26 disclosures. (Doc. 403.) That summary is incorporated herein by reference.

The present motion relates to the third-party deposition subpoenas *duces tecum* Defendant served on its former employees Mary Hoyt, Hillary Armknect, Laticia Raine, and Christine Falkner, all of whom were listed in Plaintiff's Rule 26 initial disclosures. Plaintiffs object that the witnesses should not be required to bring "[a]ll documents received or created as a result of your employment" with Defendant. (Doc. 372, at 1-2.) Plaintiff states that this issue is moot as all four individuals have been deposed "and either brought with them the limited number of documents that they had relating to [Defendant], or testified that they were not aware of any documents in their possession relating to [Defendant]." (Doc. 394, at 1.)

As to Ms. Hoyt, however, Defendant has also subpoenaed her to bring a current archive of her Facebook account. (Doc. 372, at 2; Doc. 372-1, at 4.) This category of documents remains at issue between the parties.

## ANALYSIS

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in

2

> controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be both nonprivileged and relevant to be discoverable.

Fed.R.Civ.P. 45 governs subpoenas, with section (d) of that Rule relating to "protecting a person subject to a subpoena" as well as "enforcement." Subsection (d)(1) of the Rule states that

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply.

Subsection (d)(2)(B) relates to objections to subpoenas and states that

> [a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises – or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

3

> (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
>
> (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Thus, the Court must balance Plaintiffs' needs for the information with the potential for undue burden or expense imposed on the third party respondent.

As this Court has previously held, and as the above-quoted rules infer, "[a] motion to quash or modify a subpoena duces tecum may be made only by the party to whom the subpoena is directed." *Wichita Firemen's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11–1029–KGG, 2012 WL 3245451, at *2 (D.Kan. Aug. 8, 2012) (citing *Peterbilt of Great Bend, LLC v. Doonan*, 05–1281–JTM, 2006 WL 3193371, at *2 (D.Kan. Nov. 1, 2006) (internal citation omitted)). An exception to this rule is when the party challenging the subpoena "has a personal right or privilege in respect to the subject matter requested in the subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 685 (D.Kan.1995); *see also* *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D.Kan.1999).

As Defendant states in its response, "Ms. Hoyt herself has not contacted [Defendant's] counsel" to complain about or object to the subpoena at issue. (Doc. 381, at 3.) The Court sees no basis to apply the exception to the standing rule in

4

5

this instance as Plaintiffs have no "personal right or privilege" as to Ms. Hoyt's social media postings and, therefore, lack standing to object to the subpoena.

IT IS THEREFORE ORDERED that Plaintiffs' Motion (Doc. 372) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 16th day of February, 2017, at Wichita, Kansas.

s/ Kenneth G. Gale
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE