IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LARRY BLAIR and CHARLIE DAVIS, On Behalf Of Themselves And All Other Persons Similarly Situated, <br><br> Plaintiffs, <br><br> TRANSAM TRUCKING, INC., <br><br> Defendant. | Case No.: 09-2443-EFM-KGG |

## ORDER ON MOTION TO STRIKE DISCLOSURES

Now before the Court is Defendant's "Motion to Strike Plaintiffs' April 6, 2017 Final Supplemental Rule 26 Disclosures." (Doc. 418.) Having reviewed the submissions of the parties, the Court **DENIES** Defendant's motion.

## FACTS

The facts of this case are summarized in the Court's January 25, 2017, Memorandum & Order (Doc. 403) on Defendant's prior motion (Doc. 340) to strike Plaintiffs' supplemental disclosures. That summary is incorporated herein by reference. (Doc. 403, at 1-4.)

A second supplemental Scheduling Order entered in this case on August 31, 2016, which includes a discovery deadline of November 16, 2016, with supplemental Rule 26 disclosures to be served 60 days before. (Doc. 320, at 1-2.) That Order stated that the supplemental disclosures

1

> must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up 'written' discovery before the time allowed for discovery expires.

(*Id*., at 2.) The parties served supplemental disclosures on September 16, 2016, in accordance with this deadline. (Doc. 333, 335.)

Yet another Scheduling Order was entered on February 28, 2017. (Doc. 413.) The "Discovery" section of Scheduling Order related to expert discovery because, by that time, the deadline for fact discovery had expired. (*Id*., at 1-5.)

The present motion stems from Plaintiff's "Final Supplemental Rule 26 Disclosures," which Plaintiffs served on April 6, 2017. (*See* Doc. 417.) Defendant argues that the disclosures should be stricken because they were untimely. (*See* Doc. 419.) Defendant contends that new information contained in these disclosures "fly in the face" of the stated purpose of the Scheduling Order deadline for supplementation – "to assist with the timely and orderly completion of fact discovery." (*Id*., at 7.)

## **ANALYSIS**

Federal Rule of Civil Procedure 26(a) governs the duty to make certain disclosures. Subsection (a)(1)(A) of Rule 26 requires that the parties, without awaiting a discovery request, provide "the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that

the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." The disclosing party must also provide "a copy – or description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." *Id*.

Section (e) of Rule 26 governs the supplementation of disclosures and discovery responses. It requires a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed.R.Civ.P. 26(e)(1).

The disclosures required by Rule 26 are intended to provide sufficient detail and clarity to permit the receiving party "'to make informed decisions about the discovery necessary to address the specific claims directed against that party, and to prepare for trial.'" **Estate of McDermed v. Ford Motor Co.**, No. 14-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. 2016) (quoting **Sender v. Mann**, 225 F.R.D. 645, 655 (D. Colo. 2004)).

Pursuant to Rule 26, a party is never done supplementing its disclosures "if the party learns that in some material respect the disclosure or response is

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Fed.R.Civ.P. 26(e)(1). Such a supplementation is to occur in a "timely manner," regardless of deadlines contained in a Scheduling Order. In other words, if additional or corrective information becomes known after the supplementation deadline has passed, a party still has a duty to supplement its disclosures. Thus, the issue herein is not whether Plaintiffs' final disclosures were made prior to the Scheduling Order deadline, but whether the disclosures occurred in a timely manner in relation to when any newly-included information became known to Plaintiffs.

Defendant more specifically argues that sections A.17 and A.18 of Plaintiffs' Final Disclosures be stricken. (*See* Doc. 419, at 10-11.) In these two sections, Plaintiffs identify two new fact witnesses. Defendant contends that these disclosures are improper because fact discovery closed in November 2016 and Plaintiffs had information regarding these witnesses prior to the Scheduling Order's September 2016 deadline for Rule 26 Disclosures.[1] (*Id.*)

---

[1] Defendant contends that one witness was identified in a document produced by non-party TransAm Leasing, Inc. on August 30, 2016, and the other was identified in a document "produced by Transam on August 5, 2016." (Doc. 419,a t 10.) Rule 26 specifically requires disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process . . . ." It would appear to the Court that Defendant was also "made known" of these witnesses when the information at issue was disclosed.

The undersigned Magistrate Judge will not strike the disclosures as this is not an appropriate remedy.  As this Court has previously stated, Rule 26 also proscribes certain sanctions for the failure to meet its disclosure requirements.  "The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e), is that the noncompliant party is 'not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" (Doc. 403, at 5 (quoting *Estate of McDermed v. Ford Motor Co.*, No. 14-2430-CM-TJJ, 2016 WL 1298096, at *3 (D. Kan. 2016) (internal citation omitted)).)

Defendant's motion is, therefore, **DENIED**.  This denial is, however, made **without prejudice** subject to Defendant requesting other trial-related remedies from the District Court.

Defendant also requests that section A.3 of Plaintiffs' Final Disclosures be stricken for the same reasons included in Defendant's original motion (Doc. 340). The Court has previously ruled on this issue (Doc. 403) and recently entered an Order clarifying its ruling.  The Court sees no basis to address this topic further. This portion of Defendant's motion is **DENIED as moot**.

Defendant's motion (Doc. 418) is, therefore, **DENIED without prejudice**.
**IT IS SO ORDERED.**

Dated this 21st day of June, 2017, at Wichita, Kansas.

                          S/ KENNETH G. GALE
                          HON. KENNETH G. GALE
                          U.S. MAGISTRATE JUDGE