# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LARRY BLAIR

and

CHARLIE DAVIS,

On Behalf of Themselves and All
Other Persons Similarly Situated,

*Plaintiffs,*

vs.

Case No. 09-2443-EFM-KGG

TRANSAM TRUCKING, INC.,

*Defendant.*

**MEMORANDUM AND ORDER**

The present action was filed in 2009. Plaintiffs assert claims against Defendant TransAm for alleged violations of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA"). This motion relates to three recent orders—Docs. 429, 430, and 431—that the Magistrate Judge entered with respect to certain supplemental disclosures made by Plaintiffs in September 2016 and April 2017. TransAm moves under Rule 72(a) for review of those orders. For the following reasons, the Court denies TransAm's Rule 72(a) Motion to Review Orders of the Magistrate Judge (Doc. 438).

## I. Factual and Procedural Background

Plaintiffs filed their initial complaint on August 21, 2009. On September 12, 2012, after a stay of the matter pending a Kansas state court ruling, the parties exchanged their respective initial Rule 26 disclosures. In their initial disclosures, Plaintiffs identified two drivers—Larry Blair and Charlie Davis—as having knowledge of the Plaintiffs' claims in this action.

Plaintiffs filed the Second Amended Complaint on April 1, 2014. The Court certified Plaintiffs' KWPA class and conditionally certified the Plaintiffs' collective claim under the FLSA on August 20, 2015.

On September 18, 2015, Magistrate Judge Gale entered a Supplemental Scheduling Order ("SSO") that, among other things, provided for two discovery periods. All non-expert discovery was ordered to be commenced or served in time to be completed by September 16, 2016. All other discovery was to be commenced or served in time to be completed by January 16, 2017.

The SSO noted that the parties had previously served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Rule 26(a)(1). The SSO mandated that supplementations of those disclosures under Rule 26(e) "must be served at such times and under such circumstances as required by that rule." In addition, such supplemental disclosures were ordered to be served 60 days before the deadline for completion of all non-expert discovery. The SSO then explained:

> The supplemental disclosures served 60 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial. The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires. Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

According to the SSO, July 18, 2016 was the initial deadline for filing the supplemental disclosures. TransAm filed supplemental disclosures prior to the deadline, but Plaintiffs did not. On August 15, 2016, Plaintiffs filed a motion to extend the deadline. The Magistrate Judge granted the motion and issued the Second Supplemental Scheduling Order ("Second SSO") (Doc. 320).[1] Under the Second SSO, non-expert discovery was to be completed by November 16, 2016, and all discovery was to be completed by March 17, 2017. By extending the non-expert discovery deadline, the Second SSO created a new supplemental disclosure deadline of September 16, 2016.

Plaintiffs timely served their first set of supplemental disclosures (the "September Disclosures") on September 16. Section A.3 of the September Disclosures identifies the opt-in plaintiffs as follows:

> All drivers who have opted into the lawsuit, the majority of whom are listed in the attached Exh. A. These opt-in Plaintiffs have information regarding their claims as asserted in this lawsuit, including but not limited to the employment relationship between leased drivers and Defendant, and have information regarding the policies and procedures adopted by Defendant in paying leased drivers. Each opt-in Plaintiff further has information regarding his or her hours worked and the failure of defendant to pay him or her, and others similarly situated, minimum wage for multiple hours and wage periods. These opt-in Plaintiffs may be contacted through counsel.[2]

TransAm filed a Motion to Strike Plaintiffs' Supplemental Rule 26 Disclosures (Doc. 340) on October 6, 2016. In the motion, TransAm identified multiple categories of witnesses and documents enumerated in Plaintiffs' supplemental disclosures. The first category listed pertained to Section A.3 of Plaintiffs' September disclosures. The category of witnesses

---

[1] Prior to this ruling, a supplemental scheduling order had been entered on September 18, 2015 (Doc. 150).

[2] According to Plaintiffs, the "referenced Exhibit A, attached to the disclosures . . . identified specifically all of the opt-in plaintiff drivers by name and driver code as provided by Defendant." Doc. 472, at 4. However, it is clear that the September Disclosures only identify the opt-in Plaintiffs by name—the driver codes are not listed.

identified in A.3 was described as "All drivers who have opted into the lawsuit, the majority of whom are listed in the attached Exh. A." TransAm also objected to other categories, including "all individuals identified in depositions," "all driver managers," "all dispatchers," "all planners," "all individuals responsible for training," "all individuals employed," and "all individuals identified in discovery responses." TransAm argued that the general descriptive nature of these categories "does nothing to assist TransAm or its counsel to make realistic judgments about whether to take depositions of these individuals or to pursue follow-up written discovery with respect to these individuals."[3] According to TransAm, these categories did not comply with the Second SSO and should be stricken.

The Magistrate Judge concluded that Plaintiffs' tactics, "including 'catchall' categories to encompass witnesses not yet identified," to be inappropriate.[4] Accordingly, the Magistrate Judge granted TransAm's motion to strike.

On February 8, 2017, Plaintiffs filed a motion titled "Request for Clarification of and/or Objections to the Court's Order on Motion to Strike Supplemental Disclosures" (Doc. 407). Plaintiffs sought clarification on the issue of whether the Magistrate Judge had struck the "all drivers" description from A.3 of their September Disclosures or whether the Magistrate Judge had, instead, struck the Plaintiff's designation of the entire list of opt-in plaintiffs as potential witnesses in this matter.

Before the Magistrate Judge had ruled on Plaintiffs' objection to the order of the Magistrate Judge, Plaintiffs served their Final Supplemental Rule 26 Disclosures ("April Disclosures") on April 6, 2017. In addition to the specific individuals previously disclosed, the

---

[3] Doc. 341, at 5.

[4] Doc. 403, at 8.

April Disclosures identified all "plaintiffs who have opted into this lawsuit." The Disclosures then listed each opt-in plaintiff by name and driver code. At the end of the list, the April Disclosures provided:

> These opt-in Plaintiffs have information regarding their claims as asserted in this lawsuit, including but not limited to the employment relationship between leased drivers and Defendant, and have information regarding the policies and procedures adopted by Defendant in paying leased drivers. Each opt-in Plaintiff further has information regarding his or her hours worked and the failure of Defendant to pay him or her, and others similarly situated, minimum wage for multiple hours and wage periods. These opt-in Plaintiffs may be contacted through counsel.

Sections A.17 and A.18 of the April Disclosures also included two new fact witnesses, David Hysom and Carol George. On April 19, 2017, TransAm filed a Motion to Strike the April Disclosures for being tardy, for including the previously-stricken group of "all drivers," and for including Hysom and George as new fact witnesses. In their opposition, Plaintiffs conceded that their "inclusion of [the opt-in drivers in Section A.3 of the April Disclosures] was contingent on the Court's decision with respect to the Request for Clarification."[5]

The Magistrate Judge ruled on the request for clarification on June 20, 2017. Judge Gale's first text entry (Doc. 429) provides: "Plaintiff is correct that the Court's January 25, 2017 Order striking a listing of 'all drivers' was only intended to strike any attempted 'catch all' listing of such drivers as have not individually opted-in as party plaintiffs or were not otherwise individually identified by plaintiffs in their Rule 26 disclosures." The second text entry (Doc. 430) granted Plaintiffs' objection to order of the Magistrate Judge.

The following day, on June 21, the Magistrate Judge entered an order denying, without prejudice, TransAm's Motion to Strike the April Disclosures, and indicating that the denial of the

---

[5] Doc. 420, pp. 4–5.

Motion to Strike was "without prejudice subject to Defendant requesting other trial-related remedies from the District Court."

## II. Legal Standard

On a timely objection, a District Judge must "modify or set aside any part of" a Magistrate Judge's decision on a nondispositive, pretrial matter that is "clearly erroneous or is contrary to law."[6] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[7] And a finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[8]

## III. Discussion

### A. Section A.3

In Section A.3 of the September and April Disclosures, Plaintiffs disclosed nearly 2,000 opt-in plaintiffs as individuals likely to have discoverable information that Plaintiffs may use to support their claims. Besides providing each individual's name and driver code, Plaintiffs provided a blanket description of the information possessed by the opt-in plaintiffs. The Disclosures provided:

> These opt-in Plaintiffs have information regarding their claims as asserted in this lawsuit, including but not limited to the employment relationship between leased drivers and Defendant, and have information regarding the policies and procedures adopted by Defendant in paying leased drivers. Each opt-in Plaintiff further has information regarding his or her hours worked and the failure of

---

[6] Fed. R. Civ. P. 72(a).

[7] *Boone v. TFI Family Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[8] *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, 2011 WL 2790203, at *2 (D. Kan. 2011) (quotation omitted).

defendant to pay him or her, and others similarly situated, minimum wage for multiple hours and wage periods. These opt-in Plaintiffs may be contacted through counsel.

TransAm asserts that the Magistrate Judge clearly erred by deciding not to strike Section A.3 in its entirety from the September and April Disclosures. TransAm argues that the disclosure in Section A.3 is improper because it is a vague and improper category under Fed. R. Civ. P. 26(a)(1)(A)(i). Essentially, TransAm takes issue with the blanket description of the information the nearly 2,000 opt-in plaintiffs are alleged to possess. According to TransAm, because Plaintiffs did not differentiate between the information each of the opt-in plaintiffs possesses, Plaintiffs have not placed TransAm in a reasonable position to determine whether to conduct follow-up discovery with respect to a particular individual identified.

A party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[9] "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[10]

TransAm does not take issue with Plaintiffs' failure to provide addresses and telephone numbers for the opt-in plaintiffs.[11] Rather, TransAm asserts that the blanket description is

---

[9] Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

[10] Fed. R. Civ. P. 37(c)(1).

[11] The Court assumes this is because TransAm already possessed this information. According to Plaintiffs, TransAm actually provided the names and addresses of the opt-in plaintiffs to Plaintiffs' counsel, and TransAm proceeded to serve written discovery directly to each of the opt-in plaintiffs via written questionnaires.

"entirely too vague[]" because the "defendants would have been left to guess which individuals they should depose or, logically but entirely unreasonably, deposed them all."[12] In other words, Plaintiffs' disclosure of nearly 2,000 opt-in class members made it practically impossible for TransAm to determine which of those specific individuals Plaintiffs intended to rely on in support of their claims. Accordingly, TransAm argues that the Magistrate Judge erred by deciding not to strike Section A.3 in its entirety from Plaintiffs' September and April Disclosures.

The Tenth Circuit has not addressed the degree of specificity required for the disclosures mandated in Rule 26(a)(1)(A)(i). But the advisory committee notes to the 1993 enactment emphasize that the "disclosure requirements should, in short, be applied with common sense" to help focus the attention on the "discovery that is needed, and facilitate preparation for trial or settlement."[13] The rule is not intended, however, to encourage litigants to "indulge in gamesmanship with respect to the disclosure obligations."[14]

With those principles in mind, the Court concludes that Rule 26(a)(1)(A)(i) does not always require a unique description of the information possessed by each individual disclosed. Common sense dictates that a blanket description, stating that each individual within the class possesses the same information, is not only permissible in some cases, but often preferable.

Take collective actions such as this for example. Collective actions involve "common issues of law and fact arising from the same alleged discriminatory activity."[15] Because named

---

[12] *Petrone v. Werner Enters., Inc.*, 2014 WL 2965250, at *1 (D. Neb. 2014).

[13] Fed. R. Civ. P. 26(a)(1) advisory committee's note (1993).

[14] *Id.*

[15] *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

plaintiffs are certified by the court to be representative of the claims of all other plaintiffs, defendants are on notice that the named plaintiffs have information to support their claims.[16] Thus, defendants would almost certainly decide to depose the named plaintiffs. But plaintiffs other than those named are assumed to possess mere cumulative information.[17] Deposing every single opt-in plaintiff would not only be burdensome, but it would defeat the very purpose contemplated by Congress in authorizing these collective actions.[18] Thus, when disclosing to the opposing party that such opt-in plaintiffs are likely to have discoverable information, it is sufficient to provide a general explanation that each individual likely has cumulative information pertaining to the "common facts" of the case.[19]

But if counsel knows that certain individuals within that class possess *non-cumulative* information, it becomes their obligation to disclose those individuals and the subjects of the information they possess to the opposing party.[20] So while a party may give the same general disclosure for an entire class of individuals known to possess cumulative information, the party may not later select one or more of those individuals to testify at trial.[21] The party must identify those individuals with greater specificity to provide the opposing party notice and an opportunity

---

[16] *Petrone*, 2014 WL 2965250, at *2.

[17] *See id.*

[18] *Higueros v. N.Y. State Catholic Health Plan, Inc.*, 2009 WL 3463765, at *2 (E.D.N.Y. 2009) (citing 29 U.S.C. § 216(b)).

[19] *See, e.g.*, *U.S. ex rel Hunt v. Merck-Medco Managed Care, LLC*, 223 F.R.D. 330 (E.D. Pa. 2004) (concluding that party's disclosure was sufficient because it contained "a substantial amount of information, including named individuals, contact information, and general descriptions—all basic information contemplated by Rule 26(a)(1).").

[20] *See Petrone*, 2014 WL 2965250, at *2.

[21] *See, e.g.*, *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (concluding that a party failed to adequately disclose potential witnesses by listing the names of 196 investors and 126 brokers who supposedly had knowledge of the underlying claims, but did not identify the 41 individuals intended to testify at trial).

to depose those individuals. Failure to do so may result in an order under Rule 37(c)(1) preventing those individuals from testifying.

Here, the Magistrate Judge's decision not to strike Section A.3 in its entirety was not clearly erroneous or contrary to law. Rule 26(a)(1) merely requires the disclosure of "each individual likely to have discoverable information—*along with the subjects of that information*—that the disclosing party may use to support its claims or defenses . . . ."[22] Plaintiffs have done so here. Of course, Plaintiffs' disclosures have only provided TransAm with notice that the nearly 2,000 opt-in plaintiffs have cumulative information regarding the claims. Thus, TransAm is free to re-raise its objection should it discover that certain opt-in plaintiffs have non-cumulative information not disclosed by Plaintiffs.

**B.     Sections A.17 and A.18**

TransAm also argues that the Magistrate Judge's decision not to strike Sections A.17 and A.18 of Plaintiffs' April Disclosures was clearly erroneous or contrary to law.[23] In these two sections, Plaintiffs identified two new fact witnesses, Carol George and David Hysom. TransAm contends that these disclosures were improper because fact discovery closed in November 2016 and Plaintiffs had information regarding these witnesses prior to the Scheduling Order's September 2016 deadline for Rule 26 Disclosures. Plaintiffs, however, assert that they became aware of these individuals on March 31, 2017, and disclosed the witnesses on April 6, 2017, six days later.

Without opining on the date Plaintiffs became aware of these new witnesses, the Magistrate Judge declined to strike the disclosures because it was not an appropriate remedy.

---

[22] Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).

[23] *See* Doc. 431, pp. 4–5.

The Court agrees. Assuming, without deciding, that Plaintiffs' disclosure of these witnesses was untimely, it would not be proper to prevent the witness from supplying evidence. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[24] TransAm has not articulated how it has been "harmed" by the untimely disclosure. Accordingly, the Magistrate Judge's decision not to strike the witnesses was not clearly erroneous or contrary to law.

The only "harm" TransAm has articulated is merely hypothetical: Plaintiffs "may very well attempt to secure affidavits from the witnesses in support of dispositive motions, which would . . . leave TransAm with no immediate remedy during the briefing period."

## IV. Conclusion

The Magistrate Judge's decision not to strike the nearly 2,000 opt-in plaintiffs from Plaintiffs' disclosures was not clearly erroneous or contrary to law. Opt-in plaintiffs are assumed to have cumulative knowledge, so it is not necessary to explain the exact information each of the nearly 2,000 individuals possesses. The blanket description provided by Plaintiffs sufficiently described the information possessed by the opt-in drivers. Moreover, the Magistrate Judge's decision not to strike the two new fact witnesses was not clearly erroneous or contrary to law. Even if the witnesses were not timely disclosed, TransAm has not shown how it was harmed.

---

[24] Fed. R. Civ. P. 37(c)(1).

**IT IS THEREFORE ORDERED** that Defendant TransAm's Rule 72(a) Motion to Review Orders of the Magistrate Judge (Doc. 438) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE