IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY BLAIR

and

CHARLIE DAVIS,

On Behalf of Themselves and All
Other Persons Similarly Situated,

*Plaintiffs,*

vs.

Case No. 09-2443-EFM-KGG

TRANSAM TRUCKING, INC.,

*Defendant.*

**MEMORANDUM AND ORDER**

U.S. Magistrate Judge Kenneth Gale conducted a pretrial conference in this case on June 22, 2017. Defendant TransAm Trucking, Inc. objected to paragraphs 21, 41, 58, 59, and 63 of the "Contentions of Plaintiffs," as well as paragraphs 2 and 3 of the "Legal Claims of Plaintiffs." The Magistrate Judge overruled those objections at the pretrial conference. TransAm now moves under Rule 72(a) for review of the Magistrate Judge's order. For the following reasons, the Court denies TransAm's Rule 72(a) Motion for Review of Order of the Magistrate Judge (Doc. 440).

# I. Factual and Procedural Background

Plaintiffs filed their initial complaint on August 21, 2009. Plaintiffs went on to file two amended complaints—the Second Amended Complaint was filed on April 1, 2014. In the Second Amended Complaint, Plaintiffs assert claims against TransAm for alleged violations of the Fair Labor Standards Act ("FLSA") and the Kansas Wage Payment Act ("KWPA").

During the pretrial conference, TransAm requested bracketed objections to the Pretrial Order, setting forth TransAm's objections "to Plaintiffs' attempt to impermissibly expand their KWPA claims related to 'Comdata charges' beyond that which was pled, specifically K.S.A. § 44-314(d)." Footnote one of the Pretrial Order explains the objection:

> During the on-the-record Pretrial Conference, Defendant specifically identified the paragraphs in the order which are the subject of this objection as follows: Plaintiffs' factual contentions (Part 3(a)) paragraphs 21, 40, 41, 58, 59 and 63; and Legal Claims of Plaintiffs (Part 4(a)) paragraphs 2 and 3. The Magistrate Judge overruled these objections. The claim that the failure to pay wages due generally violated the [KWPA], and the claim that wage payment cards were the subject of improper charges, regardless of the card vendor, are fairly within the allegations in the Second Amended Complaint (Doc. 88).

Paragraphs 21, 40, 41, 58, 59, and 63 of Part 3(a) (Plaintiffs' factual contentions) of the Pretrial Order read as follows:

> 21. Defendant has violated and continues to violate the KWPA, K.S.A. §§ 44-313 et seq.
>
> 40. Defendant issued each Plaintiff a ComData or other banking card for, among other things, work-related purchases, which was sometimes referred to by Defendant and Plaintiffs as "a fuel card."
>
> 41. At all relevant times, Defendant has had a policy and practice of providing compensation to its Leased Drivers via ComData or other bank cards that charged such Leased Drivers a transaction fee each time money was transferred or withdrawn from such cards.

> 58. During many weekly pay periods, Plaintiffs received no compensation or compensation at less than the applicable legally required minimum hourly wages, despite having worked compensable time for Defendant during those pay periods.
>
> 59. Deductions from Plaintiffs' compensation from Defendant included service charges for uses of the individual Plaintiff's fuel card.
>
> 63. Plaintiffs have presently calculated class-wide minimum wage damages for the Rule 23 KWPA class to be $51,528,588.00, as described in detail in the report of Plaintiffs' expert Dr. Jeremy Albright, subject to any further revision or updating as may occur prior to trial.

Paragraphs 2 and 3 of Part 4(a) (legal claims of Plaintiffs) of the Pretrial Order read as follows:

> 2. Defendant has misclassified the Plaintiffs in the Rule 23 KWPA class as "independent contractors" because the Plaintiffs were "employees" pursuant to the application of the "right to control" test for employee status under the KWPA, and Defendant failed to pay the opt-in Plaintiffs wages in the amount of at least the applicable federal minimum wage for all hours worked during relevant weekly pay periods, and such unpaid minimum wages constituted "wages due" under the KWPA, K.S.A. §§ 44-313 et seq.
>
> 3. Defendant has misclassified the Plaintiffs in the Rule 23 KWPA class as "independent contractors" because the Plaintiffs were "employees" pursuant to the application of the "right to control" test for employee status under the KWPA, and Defendant improperly deducted banking fees from the Plaintiffs' wages and thereby failed to pay the Plaintiffs all "wages due" in violation of the KWPA, K.S.A. §§ 44-313 et seq.

With respect to the FLSA and KWPA claims, the Second Amended Complaint provided that the putative class members "are those current and former Leased Drivers improperly misclassified as independent contractors who were issued compensation via ComData Cards provided by Defendant or otherwise had Charges Deducted from their compensation." Plaintiffs allege that TransAm has had a practice of providing compensation to its Leased Drivers via ComData payroll cards that charged the Leased Drivers a transaction fee every time money was transferred or withdrawn from the ComData card. Plaintiffs further allege that there were numerous weekly settlement periods where the Leased Drivers' charges exceeded their revenue,

resulting in an amount allegedly owed to TransAm. The negative balance would be deducted from the Leased Drivers' revenues on the next settlement statement, often causing payment on the subsequent statement to fall below the minimum wage.

But as TransAm points out, Plaintiffs were aware that TransAm has not used ComData cards since 2011. On February 15, 2013, Plaintiffs took the deposition of TransAm's Corporate Representative Russ McElliot. McElliot testified that TransAm stopped using ComData cards in 2011. According to TransAm, Plaintiffs did not serve any discovery or request any documents that related to charges or deductions allegedly made to the class members' wages from a payroll or prepaid card other than one issued by ComData.

## II. Legal Standard

On a timely objection, a District Judge must "modify or set aside any part of" a Magistrate Judge's decision on a nondispositive, pretrial matter that is "clearly erroneous or is contrary to law."[1] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."[2] And a finding is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[3]

## III. Discussion

During the Pretrial Conference, TransAm objected to certain Contentions and Legal Claims asserted by Plaintiffs in the Pretrial Order "as being an attempt by Plaintiffs to expand the

---

[1] Fed. R. Civ. P. 72(a).

[2] *Boone v. TFI Family Servs., Inc.*, 2015 WL 5568348, at *2 (D. Kan. 2015) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3] *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, 2011 WL 2790203, at *2 (D. Kan. 2011) (quotation omitted).

claims set forth in Count II of their Second Amended Complaint." Essentially, TransAm believes that Count II of the Second Amended Complaint sets forth a narrow claim that fees and charges were applied to Plaintiffs' ComData cards in violation of one specific provision of the KWPA: § 44-314(d).[4] So TransAm objected when Plaintiffs omitted all references to § 44-314(d) in the Pretrial Order, and clarified that the claim was in relation to fees and charges applied via "ComData *or other bank cards*."[5] According to TransAm, the claim outlined in the Pretrial Order has been impermissibly expanded from a narrow § 44-314(d) claim regarding ComData cards to a broad KWPA claim regarding all bank cards used by TransAm. The Magistrate Judge overruled these objections, concluding that Plaintiff's broader interpretation of Count II was fairly within the allegations in the Second Amended Complaint.

The Court concludes that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law. Count II can be fairly interpreted as a claim that all wage payment cards, regardless of the vendor, were the subject of improper charges in violation of the KWPA, not just § 44-314(d). A complaint "need not set forth the plaintiff's legal theories," it must merely "give the defendant fair notice of what the claim is and the grounds upon which it rests."[6]

Here, Count II of the Second Amended Complaint provided fair notice of what the claim is and the grounds upon which it rests. First, Count II provided fair notice that the claim was under the KWPA as a whole, not just § 44-314(d). The very first paragraph of Count II provides:

---

[4] *See* K.S.A. § 44-314(d) ("Any employer that elects to pay wages using a payroll card as authorized in subsection (b)(4) shall allow employees at least one means of fund access withdrawal per pay period at no cost to the employee for an amount up to and including the total amount of the employee's net wages, as stated on the employee's earnings statement.").

[5] *See, e.g.*, Doc. 433 p. 11, par. 41.

[6] *Zokari v. Gates*, 561 F.3d 1076, 1084 (10th Cir. 2009) (internal citations omitted).

> 54. Plaintiffs, on behalf of themselves and all others similarly situated, bring Count II under the KWPA, for all pay periods and/or Leased Drivers within the State of Kansas, for Defendant's violation of the [KWPA], K.S.A. § 44-313 *et seq*.

This language unambiguously conveys Plaintiffs' intent to bring Count II under the KWPA as a whole. Although subsequent paragraphs specifically cite § 44-314(d), it is clear that the allegations were not limited to those arising under that particular provision. Throughout Count II, Plaintiffs broadly allege that TransAm failed to pay wages due under the KWPA and FLSA. For example, in the prayer for relief, Plaintiffs request a declaration that "Defendant violated the KWPA by failing to properly pay all wages due . . . ." The Second Amended Complaint therefore provided fair notice that the claim was not limited solely to § 44-314(d) of the KWPA. TransAm's assertion that it has been "left with no real notice as to Plaintiffs' intent at trial" is, quite frankly, exaggerated and insincere.[7]

Second, the Court also agrees that Count II can be fairly interpreted as a claim that *any* wage payment cards used by TransAm, not just ComData cards, were the subject of improper charges. Of course, Plaintiffs specifically mention ComData by name. ComData was the payroll card vendor in use at the time this litigation began up until 2011. But the Second Amended Complaint sufficiently provides notice that the allegations were not limited solely to that specific vendor. The first mention of ComData cards is found in Paragraph 25. That paragraph provides that the putative class members are Leased Drivers improperly classified as independent contractors "who were issued compensation via ComData cards provided by Defendant *or*

---

[7] TransAm has previously acknowledged that it understood the claims to be under the KWPA, not just § 44-314(d) in previous filings. For example, TransAm indicated its understanding of the claim in its Response to Plaintiffs' Motion to Certify Class (Doc. 131), filed on February 27, 2015. In that document, TransAm summarized the "nature of the matter" by stating: "Plaintiffs also claim violations of the Kansas Wage Payment Act ('KWPA') based on 1) a failure to pay minimum wage; and 2) alleged improper deduction of transaction fees from the income earned by class members."

*otherwise had Charges Deducted from their compensation* (emphasis added)." TransAm therefore had fair notice that Count II encompassed payroll cards from other vendors as well. At the very least, the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.[8]

### IV. Conclusion

The Magistrate Judge's order overruling TransAm's objections was not clearly erroneous or contrary to law. The Court agrees that Plaintiffs' claim in Count II encompasses the failure to pay wages due under the KWPA generally, and that wage payment cards were the subject of improper charges, regardless of the card vendor.

**IT IS THEREFORE ORDERED** that Defendant's Rule 72(a) Motion to Review of Order of the Magistrate Judge (Doc. 440) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8] *See* Fed. R. Civ. P. 72(a).