**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY**

| | |
|---|---|
| LARRY BLAIR and ) | |
| CHARLIE DAVIS, ) | |
| On Behalf Of Themselves And ) | |
| All Other Persons Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No: 09-CV-2443-EFM-KGG |
| ) | |
| TRANSAM TRUCKING, INC. ) | |
| ) | |
| Defendant. ) | |

**MOTION OF PLAINTIFFS LARRY BLAIR AND CHARLIE DAVIS TO AMEND OR
ALTER JUDGMENT IN THE COURT'S MEMORANDUM AND ORDER OF
<u>MARCH 28, 2018, WITH SUPPORTING MEMORANDUM</u>**

Pursuant to D. Kan. Local Rule 7.3(a) and Fed. R. Civ. P. 59(e), Plaintiffs Larry Blair and Charlie Davis move the Court to alter, amend, or reverse the Court's Memorandum and Order of March 28, 2018, (Doc. 519) with respect to the Court's granting of Defendant TransAm's motion for summary judgment on the issues of liquidated damages and a third year of damages,[1] (Doc. 519 at 68-70).

**I.   THE AMENDMENT, ALTERATION OR REVERSAL OF THE SUMMARY JUDGMENT IS NECESSARY BECAUSE IT IS NOT CLEAR WHETHER THE COURT ACTUALLY GRANTED SUMMARY JUDGMENT IN DEFENDANT'S FAVOR AS TO LIQUIDATED DAMAGES, AND IF THE COURT INTENDED TO GRANT SUMMARY JUDGMENT FOR DEFENDANT ON THE ISSUE OF LIQUIDATED DAMAGES, THERE ARE ISSUES OF DISPUTED FACT THAT PRECLUDE SUMMARY JUDGMENT ON THAT ISSUE.**

In paragraph 7 of its motion for summary judgment (Doc. 445 at 2) and section H of its memorandum in support of summary judgment, (Doc. 451 at 48-50) Defendant sought summary

---

[1] The Court limited its ruling on summary judgment on the issues of liquidated damages and a third year of damages to named Plaintiffs Larry Blair and Charlie Davis only, and specifically held that its ruling did not extend to any of the dismissed Opt-In Plaintiffs. (Doc. 519 at 70.)

judgment on two separate issues: (1) whether Plaintiffs can recover liquidated damages; and (2) whether Plaintiffs can recover a third year of damages. These are two separate legal issues that require separate analysis. In the Court's March 28, 2018 Order, the Court initially states: "TransAm is entitled to judgment precluding Named Plaintiffs from recovering a third year of minimum wages **or liquidated damages**." (Doc. 519 at 68-69 (emphasis added).) Thereafter, the Court in footnote 289 states: "The issue here is whether TransAm willfully violated the FLSA such that the three year statute of limitations should apply – it does not concern liquidated damages." (Doc. 519 at 69 n.289.) The Court provides no additional analysis of the issue of liquidated damages, and in its conclusion states: "[T]he Court grants TransAm's motion to the extent that Named Plaintiffs will only be allowed to seek damages pursuant to the two-year statute of limitations." (Doc. 519 at 70.)

"A motion to alter or amend under Rule 59(e) may be granted to correct manifest errors of fact or law, or in light of newly discovered evidence. Such reconsideration is appropriate only if the Court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. The resolution of the motion is committed to the sound discretion of the Court." *Eatinger v. BP America Production Co.*, Memorandum and Order, Case No. 07-1266-EFM, (D. Kan. Jul. 27, 2010) (citations omitted), attached as Ex. 1 and incorporated herein. Plaintiffs respectfully submit that the March 28, 2018 Order contains a manifest error of law in holding that summary judgment should be granted as to the issue of liquidated damages, or in the alternative that the Court has misapprehended Defendant's position and did not realize that TransAm had moved for summary judgment on both the third year of damages *and* liquidated damages.

2

Plaintiffs certainly understood from Defendant's motion and memorandum for summary judgment that Defendant was seeking summary judgment as to both a third year of damages, and liquidated damages. While a third year of damages is self-explanatory, liquidated damages are not defined as a penalty "but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Garcia v. Tyson Foods, Inc.*, 890 F.Supp.2d 1273, 1295 (D. Kan. 2012), *aff'd*, 770 F.3d 1300 (10th Cir. 2014). As Plaintiffs correctly pointed out in their Response in Opposition to Defendant's Motion for Summary Judgment, (Doc. 488 at 48), the general rule is that an employer who violates the FLSA is liable for the unpaid wages, and an equal amount in liquidated damages. *Fowler v. Incor*, 279 F. App'x 590, 599 (10th Cir. 2008). Plaintiffs further correctly cited the law that "[a]lthough a standard of willfulness applies to both liquidated damage and the statute of limitations under the FLSA, the definitions and burdens of proof differ for each[,]" and cited *Fowler* correctly for the proposition that in order to avoid liquidated damages, the employer bears the burden of showing that the act or omission giving rise to the claim was made in good faith, and that the employer had reasonable grounds for believing that the act omission was not a violation of the FLSA. *Id.* at 599; (Doc. 488 at 48.) Plaintiffs are at a total loss to understand the Court's scathing accusation in footnote 289 that Plaintiffs were "attempting to mislead the Court." (Doc. 519 at 69 n. 289.) Plaintiffs acknowledged upfront that there are different burdens of proof regarding the willfulness standards for liquidated damages and third year damages, and Plaintiffs were addressing the issue of liquidated damages which they understood to have been raised by Defendant.

The employer's burden with respect to avoiding liquidated damages is difficult to meet, *Koelhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1192-93 (D. Colo. 2012), and Plaintiffs may be awarded liquidated damages even if the employer acted in good faith and reasonably, *Dep't of*

3

*Labor v. City of Sapulpa*, 30 F.3d 1285, 1289 (10th Cir. 1994).  With respect to the burden of proof for liquidated damages, Defendant neither acknowledged its burden, nor raised any argument that its actions were in good faith or objectively reasonable.

Thus, in the event that the Court misapprehended Defendant's motion for summary judgment and did not realize that the Defendant was seeking summary judgment as to liquidated damages, Defendant in its response did not address the standard or facts with respect to liquidated damages at all, and thus the Court should deny Defendant summary judgment as to whether Plaintiffs can recover liquidated damages.  Alternatively, it would appear that there may have been a misapplication of law as to which party bears the burden of proof regarding liquidated damages, and Plaintiffs submit that there are issues of fact, including whether Defendant acted in good faith to comply with the FLSA or attempted to manipulate the system, that preclude summary judgment in favor of Defendant on this issue.

## II. THE AMENDMENT, ALTERATION OR REVERSAL OF THE SUMMARY JUDGMENT IS NECESSARY WITH RESPECT TO THE PLAINTIFFS' ABILITY TO RECOVER THIRD YEAR DAMAGES BECAUSE THERE ARE ISSUES OF DISPUTED FACT THAT PRECLUDE SUMMARY JUDGMENT ON THAT ISSUE.

In considering a motion for summary judgment, the court must construe the facts in the light most favorable to the nonmoving party, the nonmoving party must receive the benefit of any reasonable inference that might be drawn from the evidence, and the court may not entertain or decide credibility issues.  *Plotke v. White*, 405 F.3d 1092, 1093-94 (10th Cir. 2005).  So long as the favorable rendition of the evidence, coupled with all reasonable inferences found in the record, would support a jury finding for the nonmoving party on a material fact, summary judgment must be denied.  *Zamora v. Elite Logistic, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).

Plaintiffs respectfully submit that in finding that "Plaintiffs have not offered a single fact,

that – even if viewed in the light most favorable to Plaintiffs – would suggest that TransAm "knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA", (Doc. 519 at 69), is a misapplication of the law and the facts in regard to the issue of whether Plaintiffs may recover third year damages.

In support of its Order, the Court points to three supposedly "uncontroverted" facts, and does not discuss other facts put forward by Plaintiffs. As early as 2007, Defendant was aware that the Kansas Department of Labor had determined that the "independent contractor" drivers were employees for purposes of unemployment taxes. *See* Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment, (Doc. 488 at 20-22, SOFs 122, 123, 124, 125, and Exs. 6 and 7 thereto). In particular, on page 19 of Ex. 7, the Kansas Department of Labor held that "Mr. Stan (a Leased Driver) has been determined to be an employee. The wages paid to Mr. Stan as an independent contractor will need to be reported and taxes collected. In addition, we will need to have all drivers under the same type of agreement reported as employees starting January 1, 2007." Although Defendant disagreed with this determination, fought it tooth and nail, and ultimately reached a settlement with the Kansas DOL staying that decision, (SOFs 122, 123, 124, 125, Exs. 6 and 7), Defendant, as of 2007, was clearly aware and on notice that governmental agencies considered the "independent contractors" to be employees.

Initially, it is fundamentally unfair for the Court to consider "uncontroverted facts" in a motion that was directed to a broad category of individuals in considering whether summary judgment should be entered as to whether Larry Blair and Charlie Davis specifically should be precluded from recovering third year damages. Now that the Court has decertified the case, those issues should be determined individually. Here, Defendant directs no arguments specifically to Mr. Blair and Mr. Davis, and had it done so, Plaintiffs would have responded in kind with facts

5

specific to those individuals. For instance, the IRS letter on which Defendant relies (Ex. JJ to Defendant's motion and memorandum in support of summary judgment) is dated April 23, 2012, and the alleged DOL investigation on which Defendant also relies occurred in the summer of 2012 (*see* Ex. MM to Defendant's motion and memorandum in support of summary judgment). Larry Blair had ceased driving for TransAm in 2009. (Blair Interrogatory Answer to Interrogatory 18, attached as Ex. 2 and incorporated herein), and Charlie Davis had ceased driving for TransAm in 2010, (Davis Depo., at 207-12, 222, pertinent portions attached as Ex. 3, and incorporated herein);[2] therefore, neither of these documents have any force or effect, or relevance, to a determination of whether Mr. Blair and Mr. Davis are entitled to recover third year damages. In contrast, the 2007 finding by the Kansas Department of Labor would be relevant, and the inferences to be drawn from it support Plaintiffs' claim of willfulness for purposes of the three-year statute of limitations.

Reviewing the broad briefing directed to all of the Opt-In Plaintiffs, however, the Court apparently assumes that the fact that TransAm makes sure that it pays its Company Drivers minimum wages is an undisputed fact in TransAm's favor. (Doc. 488 at 69.) However, a jury could just as easily infer from that fact that TransAm was well aware of its duties to pay minimum wages to employees, and coupled with TransAm's notice that the independent drivers had been found previously to be employees, decide that TransAm had acted with willful or reckless disregard of its obligations to its employees under the FLSA.

The Court then points to a 2012 IRS classification of TransAm's workers as independent contractors. (Doc. 519 at 69). However, TransAm's own exhibit in support of this issue limits the

---

[2] Plaintiffs recognize that these depositions transcripts and interrogatory answers were not included in their response to Defendant's motion for summary judgment, but it is manifestly unfair for the Court to consider, in determining the rights of Mr. Blair and Mr. Davis, documents that have no relevance whatsoever to their claims. Again, it would have been almost impossible for Plaintiffs to brief the individual issues on summary judgment due to the posture of the case at the time of the original briefing.

relevance or applicability of the IRS classification, as it states: "This determination is based on the application of law to the information presented to us and/or discovered by us during the course of our investigation; however we are not in a position to personally judge the validity of the information submitted." (Ex. JJ to Defendant's motion and memorandum in support of summary judgment at p. 3.)  The IRS goes on to say that while the determination is binding on Defendant for tax purposes, "section 6110(k)(3) of the Code provides it may not be cited for precedent." *Id.*

Likewise, the DOL "confirmation," which the Court apparently views as another undisputed fact, is tainted because the investigator relied solely on information from TransAm, and did not interview any drivers, or make any attempt to assess if what was actually happening was what was stated on paper.  Further, TransAm did not disclose to the DOL investigator that the leasing arrangement its subsidiary had with the Leased Drivers,  (Ex. MM to Defendant's motion and memorandum in support of summary judgment at 77-80), which is one of the primary operational controls exerted over the Leased Drivers.

In addition, the IRS and DOL "investigations" on which Defendant relies commenced in 2012, after the lawsuit had been on file for three years.  Thus, Defendant was fully on notice that the status of the Leased Drivers as independent contractors was disputed.  At least with respect to the investigation by the DOL, Defendant's 30(b)(6) corporate representative, attorney John Neyens, has testified that to his knowledge, neither he nor anyone at TransAm disclosed to the DOL investigator the fact that the status of the Leased Drivers as independent contractors was being challenged in Court.  (Ex. MM to Defendant's motion and memorandum in support of summary judgment at 79-80.)  The deliberate withholding of that information from the DOL investigator who was supposedly investigating that same status, is affirmative and relevant evidence of Defendant's willfulness in violating the FLSA.  Where there are disputed fact issues

7

as to whether a Defendant was completely forthcoming with the USDOL, the Court should find a genuine issue of material fact as to whether Plaintiffs are entitled to the protections of a three year limitations period. *See, e.g.*, *Koelhoffer*, 858 F. Supp. 2d at 1194.

In summary, it is manifestly unjust for the Court to grant summary judgment against Larry Blair and Charlie Davis, where the parties were addressing class-wide issues and not facts related specifically to the individual Named Plaintiffs. This has led to a misapplication of the law and facts to their specific claims. Considered in their specific situations, it is clear that Plaintiffs have come forward with affirmative evidence of Defendant's willful or reckless disregard of the FLSA, and summary judgment with respect to Mr. Blair and Mr. Davis rights to pursue the third year damages should be denied.

For the reasons set forth above, Plaintiffs respectfully request that the Court amend, alter, or reverse the March 28, 2018 Order to deny Defendant's summary judgment motion as to Named Plaintiffs' ability to recover liquidated damages, and as to Named Plaintiff's ability to recover under the three-year statute of limitations.

Respectfully submitted,

**THE WOODY LAW FIRM PC**

By /s Teresa A. Woody
   TERESA A. WOODY  KS #16949
   1621 Baltimore Avenue
   Kansas City, Missouri 64108
   (816) 421-4246
   (816) 471-4883 [Fax]
   teresa@woodylawfirm.com


**SIRO SMITH DICKSON PC**

By /Eric W. Smith
   Eric W. Smith       KS #16539
   Rik N. Siro         KS FED #77812
   Athena M. Dickson   KS #21533
   Raymond A. Dake    KS FED #78448
   1621 Baltimore Avenue
   Kansas City, Missouri  64108
   816.471.4881 (Tel)
   816.471.4883 (Fax)
   esmith@sirosmithdickson.com (email)
   rsiro@sirosmithdickson.com (email)
   adickson@sirosmithdickson.com (email)
   rdake@sirosmithdickson.com (email)


**BRADY & ASSOCIATES**

   Michael F. Brady     KS #18630
   Mark A. Kistler      KS #17171
   Sara T. Ballew       KS#25787
   10985 Cody Street, Suite 135
   Overland Park, Kansas 66210
   (913) 696-0925
   (913) 696-0468 [Fax]
   brady@mbradylaw.com
   mkistler@mbradylaw.com
   sballew@mbradylaw.com

**ATTORNEYS FOR PLAINTIFFS
AND OTHER PERSONS
SIMILARLY SITUATED**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2018, a copy of the foregoing was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's CM/ECF system April 25, 2018 to:

Rachel H. Baker
Shannon D. Johnson
Brenda G. Hamilton
Brad K. Thoenen
Jordan L. May
Seigfreid Bingham P.C.
2323 Grand Boulevard, Suite 1000
Kansas City, MO  64108
rbaker@sb-kc.com
sjohnson@sb-kc.com
bhamilton@sb-kc.com
bthoenen@sb-kc.com
jmay@sb-kc.com

**ATTORNEYS FOR DEFENDANT**

　　/s/ Eric W. Smith
ATTORNEY FOR PLAINTIFFS