IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| LARRY BLAIR, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TRANSAM TRUCKING, INC., )<br>)<br>Defendant. ) | Case No. 09-CV-2443-EFM-KGG |

**JOINT AND UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT
AND MEMORANDUM IN SUPPORT**

Plaintiffs Larry Blair and Charlie Davis ("Plaintiffs") and Defendant TransAm Trucking, Inc. ("Defendant") (collectively, the "Parties"), jointly move for an order approving the Settlement Agreement and Release which the Parties have entered into (the "Agreement"), and the Court's approval to file, following Plaintiffs' receipt of the settlement consideration contemplated in the Agreement, a joint stipulation of dismissal of this lawsuit pursuant to Fed. R. Civ. P. 41(a)(2), including each and every one of Plaintiffs' claims asserted therein, with prejudice, with each party to bear his or its own costs, attorneys' fees and expenses incurred in connection with pursuing or defending against Plaintiffs' individual claims.  In support of this Motion, Plaintiffs and Defendant jointly state as follows:

1. On August 21, 2009, Plaintiffs commenced this action by filing a Complaint with this Court, which was later twice amended (the "Complaint").

2. In the Complaint, Plaintiffs asserted claims as representatives of a putative collective action for alleged unpaid minimum wages pursuant to the Fair Labor Standards Act ("FLSA") and as representatives of a putative Rule 23 class action for alleged improper transaction fees pursuant to the Kansas Wage Payment Act ("KWPA"), based on their

1

allegation that they had been misclassified as independent contractor drivers rather than employee drivers of Defendant and that Defendant had improperly withheld certain transaction fees from their pay.

3. In 2015, this Court conditionally certified the FLSA collective action and certified the KWPA class action (Doc. 146), and in 2017 entered a Pretrial Order (Doc. 433), which set forth the Parties' respective claims, allegations, damages, stipulated facts, and defenses asserted in the Lawsuit, superseding all of the Parties' prior pleadings.

4. On March 28, 2018, the Court entered its Memorandum and Order (Doc. 519) (as subsequently modified by the Court on May 3, 2018 and May 31, 2018 (Docs. 527, 544)) (collectively, the "Order") in which it, among other things, (1) decertified the FLSA collective action for unpaid minimum wages and dismissed those claims without prejudice as to all opt-in plaintiffs, but not as to Plaintiffs Blair and Davis; (2) decertified the KWPA class for unpaid minimum wages and dismissed those claims as a matter of law, with prejudice, as to Plaintiffs and all class members; (3) decertified the KWPA class for alleged improper deductions of banking fees and dismissed those claims without prejudice as to all class members, but not as to Plaintiffs Blair and Davis; and (4) granted summary judgment to TransAm regarding only Plaintiffs Blair's and Davis' individual claims for damages for a third year of wages based on a finding that Plaintiffs had not set forth facts establishing a dispute of material fact concerning whether Defendant engaged in willful or reckless conduct, but specifically limiting such summary judgment to Plaintiffs alone.

5. Following the Court's Order on March 28, 2018 (as later modified), only the individual claims of Plaintiffs for alleged unpaid minimum wages and liquidated damages

pursuant to the FLSA and for improper transaction fees pursuant to the KWPA remained to be tried to a jury, which was scheduled for July 10, 2018.

6. Throughout the course of this litigation, Defendant has denied, and continues to deny, that it violated the FLSA or KWPA with respect to Plaintiffs, or that Plaintiffs are entitled to any minimum wage compensation, damages for alleged improper deductions, liquidated damages, attorneys' fees and costs, or any other damages, legal or equitable in nature, under the FLSA or KWPA or under any other statute, regulation or law. Defendant, furthermore, has asserted and pursued throughout this litigation numerous affirmative defenses, including but not limited to those set forth in the Pretrial Order.

7. Throughout the course of this litigation, Plaintiffs have contended, and continue to contend, that they were misclassified as independent contractors and should have been classified as employees, and that they were entitled to be paid minimum wage, and that they are entitled to damages for alleged improper deductions from their pay.

8. After almost nine years of litigation regarding the claims and defenses of the Parties, and despite the Parties' vastly divergent positions regarding the factual allegations in this lawsuit, the Parties agreed to engage in mediation on June 4, 2018, shortly after which they entered into an agreement in principle to fully and finally settle this lawsuit, in addition to any and all claims and allegations that were raised or could have been raised in the litigation by Plaintiffs, without any admission or concession to liability or damages by Defendant, and solely to avoid the burden, expense and uncertainty of continuing this lawsuit.

9. Misclassification claims, especially those in the transportation industry, are complicated and difficult both to prove and defend because of the extensive factual analysis needed, the huge volume of data and documents involved, the highly-regulated nature of the

1350275v1

industry, and the high turnover rate in the industry. It is difficult to evaluate how a jury will interpret the evidence in these types of cases, and, thus, there is considerable uncertainty as to what the outcome would have been at the trial in this case.

10. There is a genuine dispute in this lawsuit as to the claims asserted by Plaintiffs and the defenses asserted by Defendant. However, in an effort to avoid the significant expenses and risks associated with the continued litigation of the complex claims in this action and any post-verdict motions or appeal that may be filed, the Parties reached a settlement of Plaintiffs' claims after lengthy and protracted arms-length settlement negotiations of this bona fide dispute at the June 4 mediation, with the assistance of mediator John Phillips, who has substantial experience with mediating matters such as this lawsuit. The terms of the settlement are memorialized in the Agreement, which will be provided to the Court contemporaneously with this Motion for *in camera* review.

11. In entering into the Agreement, the Parties recognized: (1) that there are serious questions of law and fact in dispute in this litigation; (2) the substantial risks associated with litigating complex FLSA and KWPA claims; (3) the difficulties associated with successfully establishing their respective positions before a jury; (4) the amount of time and resources involved in prosecuting and defending misclassification claims at trial; and (5) the benefits of a resolution of Plaintiffs' claims and the value it provides to the Parties. Each Party recognizes that a judge or jury could likely find entirely in the favor of either party after expenditure of significant and valuable time and resources. In light of these considerations, the Parties decided it was in their respective best interests to agree to the terms set forth in the Agreement.

12. The Parties jointly assert that the Agreement represents a fair and equitable resolution of Plaintiffs' FLSA and KWPA claims and is in the best interests of the Parties,

including but not limited to the monetary terms and the reasonable amount of attorneys' fees and costs provided for in the Agreement.

13. The Parties were each represented by competent legal counsel at the mediation and have been so represented throughout this lawsuit, each of who have experience handling FLSA and KWPA cases. The Agreement reached by the Parties was accomplished through an arms-length negotiation conducted by a professional mediator who routinely handles complex matters and negotiations of this nature, including wage and hour matters, and is based upon the Parties' reasonable assessment of the strengths and weaknesses of the factual and legal claims and defenses in this matter.

14. The Agreement is not a product of collusion between the Parties, nor is it the result of fraud or overreaching on the part of Defendant. Plaintiffs and Defendant conducted ample discovery in the case over the course of nearly nine years to determine the extent of their claims and defenses and to evaluate the risks associated with continuing to litigate Plaintiffs' claims, in this lawsuit where there is a bona fide dispute.

15. The question of whether a proposed settlement is fair, reasonable, and adequate necessarily requires judgment and evaluation by the attorneys for the Parties based upon a comparison of the terms of the compromise with the likely rewards of litigation. The United States District Court for the District of Kansas has previously noted that the opinion of experienced counsel and the parties supporting the settlement is entitled to considerable weight. *See In re Bank of America Wage and Hour Employment Litigation*, No. 10–MD–2138–JWL, 2013 WL 6670602, at *2 (D. Kan. Dec. 18, 2013) (experienced counsels' and the parties' endorsement that the settlement is fair and reasonable is entitled to significant weight). Here, counsel for both Plaintiffs and Defendant have significant experience in complex and

class action employment litigation, including wage and hour matters, and believe this settlement is fair, reasonable, and adequate in light of the circumstances of the litigation. In addition, the Parties also believe that the settlement is fair, reasonable, and adequate, which is evidenced by their execution of the Agreement in which the Parties acknowledge and agree that this settlement is fair and reasonable. The Parties respectfully submit that this conclusion should be afforded considerable weight by the Court when analyzing whether to approve the settlement memorialized in the Agreement, particularly because the settlement was reached after the exchange and evaluation of discovery over nearly nine years of litigation, and arms-length settlement negotiations with an experienced mediator where the Parties had a firm understanding of the factual and legal issues presented and the relative strengths and weaknesses of their respective claims and defenses.

16. Pursuant to the terms of the Agreement, and because of the nature of Plaintiffs' claims, the Agreement requires Court approval to become effective. *See, e.g., Lynn's Food Stores v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *see also Gilmore v. L.D. Drilling, Inc. et al.*, No. 16-2416-JAR-TJJ, 2016 WL 6905884, at *1 (D. Kan. Nov. 22, 2016).

17. For these reasons, Plaintiffs and Defendant jointly request that the Court enter an order approving this settlement and granting permission for the parties to file, following Plaintiffs' receipt of the settlement consideration contemplated in the Agreement, a stipulation of dismissal of this case, including each and every one of Plaintiffs' claims asserted herein, with prejudice, with each party to bear his or its own costs, attorneys' fees and expenses incurred in connection with pursuing or defending against Plaintiffs' individual claims in this action, pursuant to Fed. R. Civ. P. 41(a)(2). For the Court's convenience, a proposed Order to

this effect will be submitted to the Court's chambers by email contemporaneously with the filing of this Motion.

WHEREFORE, for these reasons, Plaintiffs and Defendant jointly request that the Court enter the proposed Order, submitted contemporaneously with this Motion via email to the Court's chambers, approving the settlement and finding that the Agreement is a fair, equitable, and reasonable resolution of the disputed claims and granting permission for the parties to file, following Plaintiffs' receipt of the settlement consideration contemplated by the Agreement, a stipulation of dismissal of this case pursuant to Fed. R. Civ. P. 41(a)(2), including dismissal of each and every one of Plaintiffs' claims asserted herein, with prejudice, with each party to bear his or its own costs, attorneys' fees and expenses incurred in connection with pursuing or defending against Plaintiffs' individual claims this action.

Respectfully and jointly submitted this 22nd day of June, 2018.

        Respectfully and jointly submitted,

        **THE WOODY LAW FIRM PC**

        By /s/ Teresa A. Woody
          Teresa A. Woody #16949
          1621 Baltimore Avenue
          Kansas City, Missouri 64108
          (816) 421-4246
          (816) 471-4883 [Fax]
          teresa@woodylawfirm.com

**SIRO SMITH DICKSON PC**

By /s/ Eric W. Smith
   Eric W. Smith      KS #16539
   Rik N. Siro        KS FED #77812
   Athena M. Dickson   KS #21533
   Raymond A. Dake    KS FED #78448
   1621 Baltimore Avenue
   Kansas City, Missouri 64108
   816.471.4881 (Tel)
   esmith@sirosmithdickson.com
   rsiro@sirosmithdickson.com
   adickson@sirosmithdickson.com
   rdake@sirosmithdickson.com

**BRADY & ASSOCIATES**

By /s/ Michael F. Brady
   Michael F. Brady    KS #18630
   Mark A. Kistler     KS #17171
   Sara T. Ballew     KS #25787
   10985 Cody, Suite 135
   Overland Park, Kansas 66210
   (913) 696-0925
   brady@mbradylaw.com
   mkistler@mbradylaw.com

*ATTORNEYS FOR PLAINTIFFS*

**SEIGFREID BINGHAM P.C.**

By /s/ Rachel H. Baker
   Rachel H. Baker    KS FED #70148
   Shannon D. Johnson   KS #23496
   Brenda G. Hamilton   KS #27060
   Brad K. Thoenen    KS #24479
   2323 Grand Boulevard, Suite 1000
   Kansas City, Missouri 64108
   (816) 421-4460
   rbaker@sb-kc.com
   sjohnson@sb-kc.com
   bhamilton@sb-kc.com
   bthoenen@sb-kc.com

*ATTORNEYS FOR DEFENDANT*